941 F.2d 1065
 Earnest GILBERT, Petitioner-Appellant,
v.
H.N. SCOTT, Respondent-Appellee.
 No. 91-6050.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 9, 1991.
 
 Earnest Gilbert, pro se.
 Robert H. Henry, Atty. Gen., Sandra D. Howard and Alecia A. George, Asst. Attys. Gen., for respondent-appellee.
 Before LOGAN, MOORE and BALDOCK, Circuit Judges.
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Earnest Gilbert appeals from the district court's dismissal of his habeas corpus petition. 28 U.S.C. § 2254. He also appeals the district court's judgment denying him a certificate of probable cause, 28 U.S.C. § 2253, and in forma pauperis status on appeal, 28 U.S.C. § 1915(a).
 
 
 2
 On June 21, 1989, petitioner pled guilty to unlawful distribution of cocaine after the conviction of a felony. See Okla.Stat.Ann. tit. 21, § 51(A)(1) (West 1983 & 1991 Cum.Supp.); tit. 63, § 2-401 (West 1984 & 1991 Cum.Supp.). The plea was counseled and petitioner was advised of his right to a direct appeal. R. doc. 11, ex. C at 13. He now claims that the enhanced sentence he received violates due process and equal protection guarantees because the enhancement is inapplicable to the substantive crime. Petitioner also claims ineffective assistance of counsel because of counsel's failure to recognize this ostensible issue and counsel's advice that an appeal was unnecessary because the sentence conformed to the plea agreement.
 
 
 3
 Petitioner sought state postconviction relief on these same grounds. See Okla.Stat.Ann. tit. 22, § 1080 (West 1986). The state district court denied relief, concluding that these claims were procedurally barred as they could have been raised in a direct appeal. Gilbert v. Oklahoma, No. CRF-89-178, unpub. order at 2 (Commanche County D.Ct. June 28, 1990). The Oklahoma Court of Criminal Appeals affirmed reasoning, inter alia, that petitioner had not articulated sufficient reason for failing to file a direct appeal or requesting an appeal out of time and, in the absence of sufficient reason, resolving the issues would erode the limitations associated with state postconviction relief and undermine the purpose of a direct appeal. Gilbert v. Oklahoma, No. PC-90-802, unpub. order at 1 (Okla.Cr.App. Aug. 17, 1990). See also Okla.Stat.Ann. tit. 22, § 1086 (West 1986 & 1991 Cum.Supp.);[1] Webb v. State, 661 P.2d 904, 905 (Okla.Crim.App.), cert. denied, 461 U.S. 959, 103 S.Ct. 2434, 77 L.Ed.2d 1319 (1983); Maines v. State, 597 P.2d 774, 776 (Okla.Crim.App.1979).
 
 
 4
 The district court first evaluated whether Oklahoma's rejection of petitioner's claims was based on an adequate and independent state procedural ground given the rule in Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). See also County Ct. v. Allen, 442 U.S. 140, 148, 99 S.Ct. 2213, 2220, 60 L.Ed.2d 777 (1979); Wainwright v. Sykes, 433 U.S. 72, 86-87, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977). In Harris, the Supreme Court determined that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." 489 U.S. at 263, 109 S.Ct. at 1043 (internal quotations omitted). According to the federal district court, the Oklahoma Court of Criminal Appeals had clearly and expressly relied upon the State's procedural bar rule. R. doc. 13 at 2.
 
 
 5
 Next the district court analyzed whether it could nonetheless consider petitioner's procedurally defaulted claims. We have held that in "situations in which no state appeal has been taken" the deliberate bypass standard of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), applies. Holcomb v. Murphy, 701 F.2d 1307, 1310 (10th Cir.), cert. denied, 463 U.S. 1211, 103 S.Ct. 3546, 77 L.Ed.2d 1394 (1983); Worthen v. Meachum, 842 F.2d 1179, 1181 (10th Cir.1988). Faithful to our precedent, the district court applied the deliberate bypass standard in Fay v. Noia which provides that "the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." Id. at 438, 83 S.Ct. at 849. Finding that the petitioner "made an informed choice not to appeal" based on the paper record, the district court concluded that petitioner had deliberately bypassed state appellate procedures. R. doc. 13 at 3-4. The district court also declined to review Oklahoma's application of its procedural bar rule to petitioner's case relying upon the well-settled principle that inferior federal courts may not review the final judgments of state courts. Id. at 4. See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. 1303, 1316-17, 75 L.Ed.2d 206 (1983); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir.1986).
 
 
 6
 On appeal, petitioner argues that the district court abused its discretion in finding deliberate bypass and not considering the merits of his claims. In the alternative, he argues that he meets the cause and prejudice test based upon ineffective assistance of counsel and a meritorious claim. Although we affirm the district court's dismissal, supervening legal authority has changed significantly the appropriate legal analysis.
 
 
 7
 In Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court clarified that a predicate to application of the Harris v. Reed rule is that the last state court decision considering a petitioner's federal claims "must fairly appear to rest primarily on federal law or to be interwoven with federal law." Id. 111 S.Ct. at 2557. In this case, the Oklahoma Court of Criminal Appeals rejected petitioner's federal claims on state grounds without reference to federal law; consequently, we have no "good reason to question whether there is an independent and adequate state ground for the decision." See Id. 111 S.Ct. at 2559 ("In the absence of a clear indication that a state court rested its decision on federal law, a federal court's task will not be difficult."). See also Young v. Herring, 938 F.2d 543, 553-54, (5th Cir.1991) (en banc). Thus, we need not search for a clear and express statement concerning procedural bar, but we do note that the state court order in this case is commendably clear and concise in setting out the adequate and independent state law grounds for its rejection of petitioner's claims. See Coleman v. Thompson, 111 S.Ct. at 2559.
 
 
 8
 In Coleman v. Thompson, the Supreme Court also made it explicit that Fay v. Noia, with its deliberate bypass test, has been superseded. Coleman v. Thompson, 111 S.Ct. at 2564-65. Thus, even when a procedural default involves the failure to take a direct or collateral appeal at the state level, the deliberate bypass standard finds no application. Id. After acknowledging the uncertainty whether the deliberate bypass standard or the more restrictive cause and prejudice standard applied in these circumstances, see Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647-48, 91 L.Ed.2d 397 (1986); Wainwright v. Sykes, 433 U.S. at 88 n. 12, 97 S.Ct. at 2507 n. 12, the Court resolved the question in favor of the cause and prejudice standard. Coleman v. Thompson, 111 S.Ct. at 2565.
 
 
 9
 The Supreme Court's resolution of this issue overrules our reliance upon the deliberate bypass standard as explained in Worthen v. Meachum, 842 F.2d 1179, and Holcomb v. Murphy, 701 F.2d 1307. See Coleman v. Thompson, 111 S.Ct. at 2564-66. Although Coleman involved the default of an "entire state collateral appeal," rather than the default of an entire direct appeal, the Court indicated that Fay v. Noia has been superseded in both situations.
 
 
 10
 In all cases in which a state prisoner has defaulted his federal claims pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Fay was based on a conception of federal/state relations that undervalued the importance of state procedural rules. The several cases after Fay that applied the cause and prejudice standard to a variety of state procedural defaults represent a different view. We now recognize the importance of finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.
 
 
 11
 ....
 
 
 12
 Carrier applied the cause and prejudice standard to the failure to raise a particular claim on appeal. There is no reason that the same standard should not apply to a failure to appeal at all. All of the State's interests--in channeling the resolution of claims to the most appropriate forum, in finality, and in having an opportunity to correct its own errors--are implicated whether a prisoner defaults one claim or all of them.
 
 
 13
 Coleman v. Thompson, 111 S.Ct. at 2565 (emphasis supplied). Accordingly, petitioner's procedural default must be analyzed under the cause and prejudice standard which requires that petitioner "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[2] Id. See also McClesky v. Zant, --- U.S. ----, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).
 
 
 14
 Petitioner was entitled to the effective assistance of counsel concerning his decision not to appeal. See Evitts v. Lucey, 469 U.S. 387, 396-97, 105 S.Ct. 830, 836-37, 83 L.Ed.2d 821 (1985); Harris v. Champion, 938 F.2d 1062, 1065, on reh'g, 938 F.2d 1071 (10th Cir.1991). Ineffective assistance of counsel may constitute cause for state procedural default where counsel's performance falls below the minimum required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Coleman v. Thompson, 111 S.Ct. at 2567; Murray v. Carrier, 477 U.S. at 492, 106 S.Ct. at 2647-48. Petitioner contends that he did not take an appeal from his conviction "due to court appointed counsel's advice 'that everything was in order in accordance with the plea negotiations.' " Appellant's Brief at 1. He claims that either the trial court or counsel was under a duty to advise him of a "credible question" of whether the enhancement statute applied. Id. at 5.
 
 
 15
 Petitioner's federal claims are rather far afield and lacking in colorable support; we cannot conclude that counsel's performance in failing to anticipate these claims removes counsel's advice concerning an appeal "outside the wide range of professionally competent assistance." See Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. The record reflects that petitioner was advised thoroughly concerning the nature of the charge which included enhancement based on a prior felony conviction and his right to appeal. Petitioner has not identified any "objective factor external to the defense [which] impeded counsel's efforts to comply with the State's procedural rule" such as a factual or legal basis for appeal not reasonably available to counsel or outside interference which would have made compliance impracticable. Murray v. Carrier, 477 U.S. at 488, 106 S.Ct. at 2645. See also McCleskey v. Zant, 111 S.Ct. at 1470. Although petitioner has a right to effective representation, in the absence of a sixth amendment violation under Strickland v. Washington, the petitioner bears the risk in federal habeas proceedings of the alleged attorney error concerning his federal claims. Coleman v. Thompson, 111 S.Ct. at 2567.
 
 
 16
 Given the supervening change in the law, we GRANT petitioner's request for a certificate of probable cause, see Lozada v. Deeds, --- U.S. ----, 111 S.Ct. 860, 861-62, 112 L.Ed.2d 956 (1991), GRANT his motion to proceed in forma pauperis and AFFIRM the district court's judgment denying relief.
 
 
 17
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [1]
 Okla.Stat.Ann. tit. 22 provides in pertinent part:
 § 1086. Subsequent application
 All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.
 (West 1986 & 1991 Cum.Supp.).
 
 
 [2]
 Cases involving a fundamental miscarriage of justice "are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." McClesky v. Zant, 111 S.Ct. at 1470, 1475; Murray v. Carrier, 477 U.S. at 496, 106 S.Ct. at 2649-50. Petitioner does not allege facts which would bring him within the "fundamental miscarriage of justice" exception to the cause requirement