961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard L. GRIMMETT, Petitioner-Appellant,
v.
Stephan KAISER, Warden, Attorney General of the State of
Oklahoma Respondents-Appellees.
 No. 91-6405.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Richard Grimmett filed a 28 U.S.C. § 2254 petition seeking relief from his Oklahoma conviction. He had previously sought state collateral relief on the same constitutional arguments. See Okla.Stat.Ann. tit. 22, § 1080 (West 1986 & 1991 Cum.Sup.). The state court denied relief because petitioner had failed to take a direct appeal. See Grimmett v. Oklahoma, No. PC 91-0289, unpub. order (Okla.Cr.App. June 17, 1991) (citing Okla.Stat.Ann. tit. 22, § 1080; Webb v. State, 661 P.2d 904 (Okla.Cr.App.1983). Petitioner appeals from the federal district court's judgment dismissing the petition based on procedural bar.
 
 
 2
 The Oklahoma Criminal Court of Appeals rejected petitioner's claims solely because he had not articulated sufficient reason for failing to file a direct appeal or requesting an appeal out of time. The court noted that resolving his issues under these circumstances would erode the limitation associated with state post-conviction relief and undermine the purpose of a direct appeal. Grimmett, No. PC 91-0289, unpub. order at 2. This represents an independent and adequate state procedural ground, see Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir.1991), and petitioner has failed to "demonstrate cause for the default and actual prejudice as a result of the alleged violation[s] of federal law...." Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Nor has he "demonstrate[d] that failure to consider the claims will result in a fundamental miscarriage of justice." Id. See also McClesky v. Zant, 111 S.Ct. 1454, 1470 (1991). Therefore, the district court correctly held that his claims are now procedurally barred.
 
 
 3
 In the absence of "a rational argument on the law or the facts," petitioner's request to proceed in forma pauperis is DENIED. See Coppedge v. United States, 369 U.S. 438, 448 (1962); 28 U.S.C. § 1915(d). Petitioner has failed to make a substantial showing of the denial of a federal right, see Lozada v. Deeds, 111 S.Ct. 860, 861-62 (1991); thus, petitioner's request for a certificate of probable cause, 28 U.S.C. § 2253, is DENIED, and the appeal is DISMISSED.
 
 
 4
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3