978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leroy WILLIAMS, Jr., Petitioner-Appellant,
v.
Stephen KAISER, Respondent-Appellee.
 No. 92-6146.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Leroy Williams appeals from the district court's dismissal of his writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. In its order, the district court directed the state of Oklahoma to correct one error, but otherwise denied relief.[1] The court adopted the magistrate judge's report and recommendation and ruled that petitioner's claims were procedurally barred, as well as meritless. Because we agree with the district court's conclusion that petitioner's claims are barred, we do not reach the other issues raised.
 
 
 3
 In 1989, petitioner pleaded guilty to several drug charges arising from his use and possession of crack cocaine. His sentence was enhanced under Oklahoma's habitual criminal statute because he had prior felony convictions. See Okla.Stat. tit. 21, § 51A. He had counsel during his sentencing hearing and was instructed on his right to take a direct appeal. Two days after he was sentenced, petitioner filed a pro se motion seeking to withdraw his guilty plea. That motion was later withdrawn.
 
 
 4
 Petitioner did not file a direct appeal. He did, however, institute post-conviction proceedings in Oklahoma state court. In the first proceeding, the trial court denied relief. On appeal, the Oklahoma Court of Criminal Appeals stated that because petitioner's challenge went to the sentence enhancement, the appropriate method for seeking relief was to file a petition directly attacking the prior conviction. Petitioner did so, and was denied relief at both the trial and appellate levels. The Court of Criminal Appeals held petitioner was procedurally barred from attacking the prior conviction because he did not file a direct appeal in that prior case. See Okla.Stat. tit. 22, § 1086.
 
 
 5
 Petitioner then filed this action in the federal district court. Although the magistrate judge found the claims procedurally barred, he went on to address the merits, concluding that petitioner was not entitled to relief. Here, petitioner maintains his claims are not barred because he satisfies the cause and prejudice standard. On the merits, he contends the sentence enhancement violated his due process rights.
 
 
 6
 Our analysis begins with review of the last decision of the Oklahoma Court of Criminal Appeals. That court rejected petitioner's post-conviction pleading, stating:
 
 
 7
 The provisions of 22 O.S. 1981, § 1080, are not a substitute for a direct appeal. Furthermore, Appellant has failed to articulate sufficient reason or special circumstance explaining his failure to file a direct appeal as required by 22 O.S. 1981, § 1086. Permitting one to bypass or waive a timely and direct appeal and proceed under 22 O.S. 1981, § 1080, without supplying sufficient reasons erodes the limitations and undermines the purpose of the statutory direct appeal.
 
 
 8
 Williams v. State, No. PC 91-0219, unpub. order at 2 (Okla.Cr.App. May 29, 1991) (citation omitted). Without question, the Oklahoma court rested its decision on an independent state procedural rule. As a consequence, procedural bar applies. See Gilbert v. Scott, 941 F.2d 1065, 1067 (10th Cir.1991).
 
 
 9
 In order to overcome a procedural default, petitioner must show cause for the failure to follow state procedures and resulting prejudice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Petitioner maintains he has satisfied this standard because his counsel was ineffective. He states counsel coerced his plea by forcing him to withdraw the pro se motion he filed after sentencing. The coercion, as petitioner describes it, was his attorney's statement that the District Attorney would add charges and request a harsher sentence if he withdrew his plea and brought his case to trial.
 
 
 10
 Ineffective assistance from counsel may constitute cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner has not, however, shown his counsel was ineffective under the standard set forth in Strickland v. Washington, 466 U.S. 668, 690 (1984). Nor has he alleged that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Moreover, his claim must fail because it was not raised and exhausted in state court. Id. at 489. Finally, there is nothing in the record to suggest that barring review of these claims will result in a fundamental miscarriage of justice. See McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 11
 Petitioner's application for a Certificate of Probable Cause is GRANTED. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 As part of the plea agreement in this matter, the prosecution agreed to drop one of the counts of the indictment. For some reason, that was not done. Petitioner included a request in his habeas petition that the government be required to obtain an order dismissing that count. The court granted this relief, and the government obtained an order of dismissal