982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dewey L. HELMS, Petitioner-Appellant,
v.
Dan REYNOLDS, Warden; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 92-6074.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant the request for a certificate of probable cause.
 
 
 2
 Petitioner Dewey Lee Helms appeals from the dismissal of the petition he filed pursuant to 28 U.S.C. § 2254. Petitioner alleges error as follows: (1) his guilty pleas to his various convictions were not made intelligently and knowingly; (2) the state district court failed to advise him of his right against self-incrimination; and (3) his former convictions were used improperly to enhance his sentence because the pleas to those underlying convictions were involuntary.
 
 
 3
 In 1972, at age sixteen, petitioner was convicted of felonies in cases CRF-72-665 and CRF-72-945 and received two five-year suspended sentences. He was not certified to be tried as an adult. When thereafter, in 1974 and 1975, he was charged with additional felonies the earlier suspended sentences were revoked. Petitioner pleaded guilty to the 1974 and 1975 charges and received ten-year sentences for them. The revoked sentences from 1972, as well as the sentences for the later convictions were to run concurrently. Petitioner was released from custody in March 1979, upon completion of these sentences. Later that year he pleaded guilty to another felony and received a three-year sentence.
 
 
 4
 Petitioner was granted postconviction relief in 1981 on his convictions in CRF-72-665 and CRF-72-945, when the Oklahoma district court vacated the 1972 convictions because petitioner was a juvenile. That court also found petitioner was not entitled to a reduction or credit for time served because his ongoing incarceration (in 1981) had not been enhanced by those 1972 felonies. Petitioner is currently serving a twenty-year sentence for second degree burglary, after former conviction of felony, to which he pleaded guilty in 1982.
 
 
 5
 Petitioner did not appeal the 1982 guilty plea and sentence although he was instructed how and when to apply to withdraw that plea. Instead, petitioner sought postconviction relief from the Oklahoma district court under Okla.Stat.Ann. tit. 22, § 1080. That application was denied because petitioner had not sought to withdraw his guilty plea, thereby preserving no issues for review. Under Oklahoma law, a challenge to a guilty plea may only be initiated by an application filed within ten days to withdraw the plea. Id. tit. 22, Ch. 18, Rule 4.1. An application for postconviction relief may not be utilized in lieu of or in an effort to bypass direct appeal of a conviction. Maines v. State, 597 P.2d 774 (Okla.Crim.App.1979). The Oklahoma district court also found that petitioner's guilty plea was made knowingly and voluntarily. The Oklahoma Court of Criminal Appeals affirmed the denial of postconviction relief. Petitioner then filed the instant petition in federal court. The magistrate judge recommended denial; the district court so ordered.
 
 
 6
 We agree with the district court that petitioner's petition must be denied. The decision of the Oklahoma Court of Criminal Appeals is based upon procedural default under Oklahoma law and does not reference federal law. I R. Doc. 13, Ex. B. Therefore, petitioner's federal claims must be examined under the standard of Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546 (1991). This court has already recognized the controlling effect of Coleman when a petitioner's claims are barred for failure to first raise allegations of error on direct appeal. Gilbert v. Scott, 941 F.2d 1065 (10th Cir.1991).
 
 
 7
 Petitioner is precluded from raising his federal claims in a federal habeas case when these claims are barred pursuant to state procedural rules unless he demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman at 2565. Neither the record nor the factual statements in support of plaintiff's allegations support the conclusion that external forces impaired petitioner's ability to pursue a direct appeal.
 
 
 8
 Regarding the first two issues--that the guilty pleas to the various convictions were not made knowingly and that he was not advised of his right against self-incrimination--petitioner has offered no facts which would permit us to conclude cause existed under the Coleman standard. The same infirmity exists as to the third issue--that former convictions were improperly used to enhance his present sentence--which seems essentially a restatement of petitioner's first issue. The underlying guilty pleas he now claims were involuntary were also susceptible to direct appeal and the same rules as to withdrawal of his guilty pleas.
 
 
 9
 On the issue of prejudice, we have no facts or evidence to permit the conclusion petitioner was prejudiced by these alleged errors. This is not a case of evidence having been improperly admitted thereby arguably tainting the trial to the detriment of the accused. There were three prior felony convictions other than those ultimately vacated because they were committed while he was a juvenile available to enhance petitioner's current sentence. We hold petitioner was not prejudiced by the alleged errors.
 
 
 10
 Despite state procedural default, petitioner could obtain federal habeas review by demonstrating fundamental miscarriage of justice. Coleman, 111 S.Ct. at 2565. Again, the record and factual allegations do not lead us to conclude this case is one of those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." Gilbert, 941 F.2d at 1068 n. 2 (quoting McClesky v. Zant, --- U.S. ----, 111 S.Ct. 1454, 1470 (1991)). Petitioner pleaded guilty to felonies which were unchallenged on direct appeal and therefore available to enhance his current sentence. He does not allege that he is in fact innocent, only that fear of enhancement because of the 1972 convictions affected his determination to plead guilty to those subsequent charges. We cannot find that a miscarriage of justice will occur by affirming dismissal of the petition.
 
 
 11
 AFFIRMED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3