5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Reuben Lee THOMAS, Petitioner-Appellant,
v.
Steve HARGETT, and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 93-5034.
 United States Court of Appeals, Tenth Circuit.
 Aug. 20, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Reuben Lee Thomas appeals the dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2241(c) and 2254. He alleges that the district court erroneously determined that petitioner's nolo contendere plea constituted a waiver of any challenges to prior convictions used to enhance his sentence, and that his enhanced sentence was a violation of due process and equal protection guarantees because two of his four prior convictions relied upon to increase his sentence were void.
 
 
 3
 Petitioner entered a plea of nolo contendere to charges of robbery after former conviction of a felony (CRF 86-393) and robbery with firearms after former conviction of a felony (CRF 86-420). The state court then found him guilty and sentenced him to twenty-five years on each conviction, to run concurrently. Petitioner filed a timely motion to withdraw his plea, which was denied after an evidentiary hearing. Petitioner appealed that denial to the Oklahoma Court of Criminal Appeals. After briefing, and with advice of counsel, he moved to dismiss the appeal, and it was dismissed with prejudice.
 
 
 4
 Thereafter, petitioner twice sought unsuccessfully to obtain state habeas relief from these convictions. Both dismissals were affirmed on appeal.[2] This federal habeas petition followed.
 
 
 5
 We agree with the district court that petitioner's request for relief must be denied, but for different reasons. Because only federal constitutional errors can be the basis for federal habeas relief from a state conviction, we can consider only federal constitutional issues on appeal. The decisions of the Oklahoma Court of Criminal Appeals (affirming the dismissals by the state district court) are based upon procedural default under Oklahoma law and do not reference federal law. Therefore, petitioner's federal claims must be examined under the standard of Coleman v. Thompson, 111 S.Ct. 2546 (1991). This court has already recognized the controlling effect of Coleman when a petitioner's claims are barred for failure to first raise allegations of error on direct appeal. Gilbert v. Scott, 941 F.2d 1065 (10th Cir.1991).
 
 
 6
 Petitioner is precluded from raising his federal claims in a federal habeas case when these claims are barred pursuant to state procedural rules unless he demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 111 S.Ct. at 2565. Neither the record nor the factual statements in support of petitioner's allegations support the conclusion that external forces impaired his ability to pursue a direct appeal. See id. at 2566.
 
 
 7
 Petitioner has not offered any facts that would demonstrate cause under the Coleman standard for his failure to appeal the denial of his motion to withdraw his nolo contendere plea. In fact, his attorney recited in the Application to Dismiss that direct appeal that "A. The Petitioner no longer wants to pursue this case. B. The Petitioner feels content with his present punishment. C. The Petitioner states that he no longer desires to appeal his conviction." Appellant's App. doc. H. Petitioner also signed a notarized Waiver of Right to Appeal. Id. doc. I. Without a showing of cause, we need not discuss whether petitioner made a showing of prejudice.
 
 
 8
 Alternatively, petitioner could obtain federal habeas review by demonstrating that a fundamental miscarriage of justice would result from our failure to consider his claim on the merits. Coleman, 111 S.Ct. at 2565. The record and factual allegations do not lead us to conclude this case is one of those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). Petitioner has not alleged that he is innocent of the robberies to which he pleaded no contest, or that he was somehow misled or coerced into dismissing his direct appeal. We cannot conclude that a miscarriage of justice will occur by affirming dismissal of his petition on procedural default grounds. We deny petitioner's motion for appointment of counsel.
 
 
 9
 AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 Petitioner then sought state post-conviction relief from his four prior felonies (CRF 70-1292; CRF 75-2553; CRF 81-2175; CRF 81-2176). As to CRF 70-1292, his petition was denied as moot because he had previously been granted relief from that conviction. Relief was denied on the other convictions for various reasons, including state procedural default