25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William E. CROSS, Petitioner-Appellant,
v.
R. Michael CODY; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-6045.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 William Eugene Cross (Cross), appearing pro se, appeals from an order of the district court dismissing his 28 U.S.C. 2254 habeas corpus petition. Finding Cross' appeal frivolous and not taken in good faith, the district court denied Cross leave to proceed in forma pauperis on appeal.
 
 
 3
 In order to succeed on his motion to proceed without prepayment of fees and costs, Cross must show both the financial inability to pay the required filing fees and the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). We affirm the district court's denial of leave to proceed in forma pauperis. However, in order to reach the merits, we grant the petition for a certificate of probable cause.
 
 
 4
 Cross is incarcerated in the custody of the Oklahoma Department of Corrections pursuant to a judgment and sentence entered on May 23, 1991, in the District Court of Payne County, Oklahoma. Cross pled guilty in Cases Numbered CRF-90-280 and CRF-90-298 to charges of Uttering a Forged Instrument, Assault and Battery with Intent to Kill, Kidnapping, and Attempting to Prevent a Witness from Giving Testimony, all After Former Conviction of Two or More Felonies. Cross was sentenced to 30 years imprisonment on each charge, the sentences to be served concurrently. Cross did not request to withdraw his guilty plea nor did he file a direct appeal with the Oklahoma Court of Criminal Appeals.
 
 
 5
 On October 13, 1992, Cross filed a post-conviction application in the Oklahoma District Court of Payne County alleging that his guilty pleas were not knowingly or intelligently entered. The district court denied Cross' application but did not set forth any findings of fact and conclusions of law. On appeal, the Oklahoma Court of Criminal Appeals remanded the case with instructions that the district court enter its findings of fact and conclusions of law.
 
 
 6
 On April 23, 1993, following its remand, the Oklahoma Court of Criminal Appeals entered an order affirming the district court's denial of post-conviction relief, holding that: the District Court of Payne County had properly addressed and found no merit in Cross' allegations that his guilty pleas were not knowingly and intelligently entered; Cross failed to state any reason for his failure to timely appeal his guilty pleas; post conviction relief is not a substitute for direct appeal; failure to perfect such appeal waives all errors allegedly committed by the trial court unless a defendant can establish that he was denied an appeal through no fault of his own; and, Cross failed to establish that he was denied an appeal through no fault of his own.
 
 
 7
 On May 26, 1993, Cross filed a petition for writ of habeas corpus in federal district court attacking the judgments and sentences in Cases Numbered CRF-90-280 and CRF-90-298. Cross alleged that he was entitled to relief because of ineffective assistance of counsel and procedural errors. Cross conceded that these issues were not raised on appeal. Cross' petition was assigned to a magistrate judge for initial proceedings consistent with 28 U.S.C. 636(b)(1)(B).
 
 
 8
 In a detailed report and recommendation the magistrate judge recommended that Cross' petition be dismissed for failure to satisfy the requirements of cause and prejudice under Coleman v. Thompson, 111 S.Ct. 2546 (1991), necessary to excuse his failure to follow prescribed state procedures for the review of his claims. On January 25, 1994, the district court entered a judgment affirming the report and recommendation of the magistrate judge and dismissing Cross' petition.
 
 
 9
 On appeal, Cross contends, inter alia, that the district court erred (1) by failing to consider his claim of fundamental trial error when his attorney failed to apply for the appointment of a psychiatrist to evaluate his mental state at the time of commission of the crimes, thus rendering his trial counsel ineffective, denying him his due process rights, and (2) in refusing to acknowledge that a procedural bar cannot exist in the face of fundamental trial error which denied him the right to effective assistance of counsel, denied him due process of law, denied him witnesses to testify in his behalf, and denied him expert testimony, when the errors' absence could have established his innocence. The government responds that the district court properly found that Cross was procedurally barred from presenting the matters in his petition.
 
 
 10
 We hold that the district court did not err in affirming the magistrate judge's report and recommendation and in dismissing Cross' petition. We agree with the magistrate judge's findings, affirmed by the district court, that Cross failed to meet his burden under Coleman v. Thompson:
 
 
 11
 Where a defendant has failed to follow prescribed state procedures to review claims challenging his conviction or sentence, he may not seek relief on those claims in federal habeas action unless he can establish "cause" for his failure to do so and prejudice resulting from a denial of federal habeas review:
 
 
 12
 In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. ----, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
 
 
 13
 To establish the "cause" required to overcome a procedural bar to federal habeas review, Petitioner must demonstrate that some objective factor external to him impeded his efforts to comply with the state's procedural rule. Coleman, 111 S.Ct. at 2566, citing Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Although cause may be based on ineffective assistance of counsel, counsel's performance must be constitutionally ineffective to constitute cause. Murray, 477 U.S. at 488. Accordingly, Petitioner must show that counsel's performance was deficient in a manner which resulted in actual prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)....
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 In this case, Petitioner has failed to satisfy the requirements of cause and prejudice necessary to excuse his failure to follow prescribed state procedures for the review of his claims. He has failed to assert allegations of ineffective assistance of counsel which would establish that his guilty pleas were not knowingly or voluntarily entered. He has also offered no argument which, if true, would compel a finding that, but for counsel's errors, he would not have pled guilty.
 
 
 17
 Neither can Petitioner show that a fundamental miscarriage of justice would result if his claims are not reviewed in federal court. Such cases are limited to "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." Gilbert v. Scott, 941 F.2d 1065, 1068 n. 2 (10th Cir.1991), citing McClesky v. Zant, 499 U.S.467, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Petitioner has not shown that a fundamental miscarriage of justice would result, and the record in fact establishes no basis on which such finding could be made.
 
 
 18
 (R., Report and Recommendation at 4-6).
 
 
 19
 In Kuhlman v. Wilson, 477 U.S. 436, 454 (1986), the Supreme Court held that the fundamental miscarriage of justice exception applies when a prisoner supplements his constitutional claim with a colorable showing of factual innocence. Cross' arguments fail to make a colorable showing of factual innocence.
 
 
 20
 We affirm for substantially the reasons set forth in the magistrate judge's report and recommendation of December 10, 1993, affirmed by the January 25, 1994, judgment of the district court.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470