**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

——————————————

RICKY LEE HENDRICKS,

    Petitioner-Appellant,

v.

RON WARD; ATTORNEY GENERAL
OF THE STATE OF OKLAHOMA,

    Respondents-Appellees.

No. 98-7146
(E.D. Okla.)
(D.Ct. No. 97-CV-158-S)

——————————————

**ORDER AND JUDGMENT**[*]

————————————

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Ricky Lee Hendricks, a state prison inmate appearing *pro se*, appeals the district court's decision dismissing his habeas corpus petition pursuant to 28 U.S.C. § 2254 and denying his request for a certificate of appealability. We grant Mr. Hendricks' motion for leave to proceed on appeal *in forma pauperis*, deny his request for a certificate of appealability, and dismiss his appeal.

In November 1992, Oklahoma authorities charged Mr. Hendricks with knowingly concealing stolen property, feloniously carrying a firearm, three counts of unlawful possession of a controlled drug, injury to a public building, maintaining a house resorted to by users of controlled drugs, and possession of marijuana. During the following fourteen months, the county court ordered various competency examinations and, along with another county court, committed Mr. Hendricks to a state hospital. Specifically, beginning December 15, 1992, the Wagoner County court ordered an examination to determine Mr. Hendricks' competency to stand trial. Based on the examination results, the county court issued an order finding Mr. Hendricks incompetent but capable of achieving competency and committed him to a state hospital \. Shortly thereafter, on January 12, 1993, the state hospital found Mr. Hendricks competent for the purpose of standing trial, determining him capable of understanding the charges

against him and consulting and assisting his attorney in his defense. Mr. Hendricks then posted bond, and the hospital released him. A few months later, a different county court committed Mr. Hendricks to the same state hospital where he remained for two and one-half months. Because the Wagoner County court and his attorney were apparently unaware of Mr. Hendricks' new committal, the court issued a bench warrant and a forfeiture order for his failure to appear at his arraignment, and his attorney filed a motion to withdraw from representation based on Mr. Hendricks' failure to respond to communications or notify counsel of his whereabouts, which the court granted.

On August 31, 1993, the Wagoner County Court appointed Mr. Hendricks new counsel, who filed an application for determination of Mr. Hendricks' competency. The court granted the application and ordered another mental examination. In November 1993, the county court held a post-competency hearing and again ordered Mr. Hendricks examined. After review of the medical report, the county court issued an order on December 20, 1993, finding Mr. Hendricks incompetent but capable of achieving competency within a reasonable time, and again committed him to the state hospital where he received treatment with medication. On January 28, 1994, the state hospital issued a report finding Mr. Hendricks competent for the purpose of understanding the charges against

him and consulting and assisting his attorney in his defense. On February 18, 1994, the county court ordered Mr. Hendricks transported from the state hospital to appear at another competency hearing, at which time the court found Mr. Hendricks competent to stand trial. On March 1, 1994, in exchange for dismissal of the other charges, Mr. Hendricks entered a plea of guilty to "injury to a public building." At the plea hearing held on the same day, the county court accepted the guilty plea, finding Mr. Hendricks competent to understand the nature of the proceeding and the consequences of his plea. The county court then sentenced him to ten years in prison. Mr. Hendricks admits he was a patient at the state hospital at the time he entered his plea and was not released from that facility until six days after sentencing.

Mr. Hendricks did not file a direct appeal, but later filed an application for state post-conviction relief alleging he was incompetent when he entered his guilty plea and ineffective assistance of counsel. The state court denied relief finding him competent at the time he entered his plea, and that he received effective assistance of counsel throughout the proceeding. The Oklahoma Court of Criminal appeals affirmed the county court's decision, finding Mr. Hendricks' application failed to articulate sufficient reason or special circumstance explaining his failure to timely file a certiorari appeal as required by Oklahoma

-4-

criminal procedure rules.

Mr. Hendricks filed his § 2254 petition claiming due process violations, mental incompetency at the time of his plea, lack of knowledge on how to proceed on appeal, and ineffective assistance of counsel because his attorneys failed to gather his mental health records, contest conflicting evidence, or ask for a competency trial. The district court, on recommendation of a magistrate judge, dismissed Mr. Hendricks' petition. The magistrate judge found Mr. Hendricks failed to demonstrate any deficiency in his counsel's performance. In addition, the magistrate judge found Mr. Hendricks failed to explain how the outcome of his competency hearing would have changed if his attorney had researched his mental history or contested the allegedly inconsistent evidence regarding his competency. The magistrate judge also concluded Mr. Hendricks failed to show the requisite cause and prejudice necessary to overcome his procedural default of his claims in state court, or that miscarriage of justice would result if it did not review his claims.

On appeal, Mr. Hendricks raises the same issues raised in his petition. He also complains the district court did not address the merits of his claims and suggests he did not procedurally default his claims at the state level because the

Oklahoma Court of Criminal Appeals actually reached the merits of his case. He asserts incompetence when he entered his guilty plea because he allegedly received no medication for his mental disability while incarcerated in the county jail from the time of his competency hearing until ten days later when he entered his plea. He also asserts his innocence.

We review the legal basis for the district court's dismissal of Mr. Hendricks' § 2254 petition *de novo*. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998). We review the district court's factual findings for clear error and presume the state court's factual findings are correct. *Id.* In determining whether he received ineffective assistance of counsel, Mr. Hendricks must show his attorneys' performance was deficient, and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on claims procedurally defaulted at the state level, Mr. Hendricks must demonstrate sufficient "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Alternatively, if the nature of his claim renders it exempt from procedural bar, his claim can be heard in federal habeas corpus proceedings. *Sena v. New Mexico State Prison*, 109 F.3d 652, 654

(10th Cir. 1997) (holding that where a defendant is denied a competency hearing, procedural default does not apply to his substantive due process claim).

Proceeding with these standards in mind, we begin by noting the Oklahoma Criminal Appeals Court explicitly determined Mr. Hendricks defaulted his claims by not pursuing them on direct appeal. Having defaulted his claims at the state level, Mr. Hendricks fails to carry his burden to overcome his procedural default. First, the county court that sentenced Mr. Hendricks not only ordered four mental examinations, but held two competency hearings and a plea hearing prior to accepting his guilty plea. Because Mr. Hendricks received a competency hearing, he fails to establish any violation of substantive due process sufficient to overcome his state procedural default. *Cf. Sena*, 109 F.3d at 654. While Mr. Hendricks claims incompetence at the time of his plea because the county jail allegedly failed to dispense his medication after his competency hearing, but before his plea, the record – including his own statements – shows he remained institutionalized at or under the care of the state hospital during the entire period in question. Other than through conclusory allegations, Mr. Hendricks fails to establish medication was not distributed to him. Moreover, the county court found him competent after questioning him at the plea hearing and on advice of a medical expert. Given the county court's extensive knowledge of Mr. Hendricks'

history of incompetency, it is reasonable to assume the court would have ordered further medical examination or treatment if it questioned his competency during the plea hearing. Thus, Mr. Hendricks' claims are procedurally barred.

We next proceed to Mr. Hendricks' constitutional claim of ineffective assistance of counsel for the purpose of evaluating his request for a certificate of appealability. Both of Mr. Hendricks' appointed counsel successfully sought evaluation of his competency to stand trial. Mr. Hendricks has not shown how his counsels' failure to go farther in obtaining his medical records or demanding a competency "trial" was deficient or prejudiced his defense.[1]

We conclude Mr. Hendricks fails to meet either the cause and prejudice or fundamental miscarriage of justice standards, or any other exception required to overcome his state procedural default. While Mr. Hendricks now makes a conclusory assertion he is innocent of the crime charged, he has not made a colorable showing of his innocence under the fundamental miscarriage of justice

---

[1] In addition, Mr. Hendricks summarily alleges his attorney was ineffective because he (1) knew he did not get his medication; (2) coerced his plea; and (3) failed to file a motion to withdraw his plea or notify him of his right to appeal or of filing deadlines. We have thoroughly reviewed the record and find nothing to support these contentions. Moreover, the trial court advised Mr. Hendricks of his right to appeal and the time for filing his appeal.

standard. *See Gilbert v. Scott*, 941 F.2d 1067, 1068 n.2 (10th Cir. 1991). Because Mr. Hendricks failed to overcome his state procedural default, the district court was not required to address the merits of Mr. Hendricks' claims.

In order to obtain a certificate of appealability, Mr. Hendricks must make "'a substantial showing of the denial of a constitutional right.'" *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996) (quoting 28 U.S.C. § 2253), *overruled on other grounds by United States v. Kunzman*, 123 F.3d 1363, 1364 n.2 (10th Cir.), *and cert. denied*, 519 U.S. 1081 (1997). Mr. Hendricks fails to make such a showing.

For these reasons, we grant Mr. Hendricks' motion for leave to proceed on appeal *in forma pauperis*, deny his request for a certificate of appealability, and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge