**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALFRED M. TARTSAH,

      Petitioner - Appellant,

vs.

H.N. SCOTT,

      Respondent - Appellee.

No. 99-6137
(D.C. No. 97-CV-498-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

      Mr. Tartsah, an inmate appearing pro se, seeks to appeal from the district court's dismissal of his habeas petition, 28 U.S.C. § 2254. The magistrate judge, whose findings and recommendations were adopted by the district court, found that the claims in the petition were procedurally barred. The district court also denied a certificate of appealability.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Mr. Tartsah is essentially claiming that: 1) his guilty plea was not knowingly and voluntarily entered into because his counsel and the prosecutor misrepresented the sentence he would receive and overstated his eligibility for "good time" credits; 2) he received ineffective assistance of counsel; and 3) his conviction is in violation of double jeopardy.

Mr. Tartsah attempted to withdraw his guilty plea shortly after his conviction. The state district court denied his motion, and he failed to appeal. He raised the issue of the voluntariness of his guilty plea and ineffective assistance of counsel in a 1991 application for post-conviction relief. The district court denied this application, and Mr. Tartsah failed to appeal this as well. In 1995, he filed a second application for post-conviction relief. In this application, Mr. Tartsah again raised the ineffective assistance of counsel issue , and also claimed that his sentence was unlawful. The state district court and the Oklahoma Court of Criminal Appeals found that the issue of ineffective assistance of counsel was barred by res judicata, because it had been raised in the initial application for post-conviction relief, and the remaining issues were waived because he had not raised them on either direct appeal or in his first application for post-conviction relief.

Thus, the OCCA's denial of relief is based on a state procedural bar. Issues that have been barred in state court on independent and adequate state procedural

grounds will not be considered on habeas review "unless [petitioner] can demonstrate cause for the default...or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); Gilbert v. Scott, 941 F.2d 1065, 1067 (10th Cir. 1991). We are in agreement with the district court that the state's procedural bar rests upon adequate and independent state grounds. While we are reluctant to preclude claims of ineffective assistance of counsel as procedurally barred if not raised on state direct appeal, see English v. Cody, 146 F.3d 1257, 1262-64 (10th Cir. 1998), Mr. Tartsah is procedurally barred based upon his post-conviction activities, and not upon his failure to take a direct appeal and raise the ineffectiveness claims. See Moore v. Reynolds, 153 F.3d 1086, 1096-97 (10th Cir. 1998).

Mr. Tartsah has failed to allege any cause for his procedural default. Neither his pro se status nor any lack of legal training are considered to constitute an excuse for a state court procedural default. See Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993). Additionally, Mr. Tartsah's contention that failure to consider his claims will result in a fundamental miscarriage of justice is unavailing. In order to come within this narrow exception to the procedural default rule, the petitioner must make a colorable showing of factual or actual innocence. Brecheen v. Reynolds, 41 F.3d 1343, 1357 (10th Cir. 1994). Mr.

Tartsah has completely failed to do so.

For the reasons stated above, we find that Mr. Tartsah's claims are procedurally barred, and we cannot consider them on habeas review. Therefore, we DENY his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge