# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

**Patrick J. Fisher, Jr.**                                    **Elisabeth A. Shumaker**
**Clerk**                                                      **Chief Deputy Clerk**

April 29, 1999

**TO:** ALL RECIPIENTS OF THE CAPTIONED ORDER AND JUDGMENT

**RE:** 98-5251, *Jackson v. Champion*
April 28, 1999

Please be advised footnote 4 should have been omitted from the text on page four. A corrected copy of the Order and Judgment is attached for your convenience.

Very truly yours,
Patrick Fisher, Clerk

Trish Lane
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MARCEL LAMAR JACKSON,

　　Petitioner - Appellant,

v.

RONALD J. CHAMPION,

　　Respondent - Appellee.

No. 98-5251
(D.C. No. 98-CV-26-B)
(Northern District of Oklahoma)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Marcel Jackson, pro se, appeals the district court's denial of his habeas petition and requests a certificate of appealability. Exercising jurisdiction under 28 U.S.C. § 1291, we deny his request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

On January 4, 1994, Petitioner Jackson pled nolo contendere in an Oklahoma state trial court to illegal drug possession after a prior felony

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction.  Upon receiving a 20-year jail sentence and a fine of five hundred dollars, Jackson filed a motion to withdraw his plea.  The trial court denied the motion, and the Oklahoma Court of Criminal Appeals affirmed.

Subsequently, Jackson unsuccessfully sought state post-conviction relief. On January 12, 1998, he filed a petition for habeas corpus in the United States District Court for the Northern District of Oklahoma.  The district court denied the petition as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  The court also denied Jackson's petition for a certificate of appealability because he had failed to make a substantial showing of the denial of a constitutional right.

Jackson argues that the district court violated various provisions of the United States Constitution, including the Due Process Clause of the Fifth Amendment,[1] when it dismissed his petition and denied his request to amend his

---

[1]Additionally, Jackson argues that in denying his habeas petition and request for a certificate of appealability, the district court violated the Suspension Clause of Article I, Section 9, of the United States Constitution.  Although "[t]here may be circumstances where [AEDPA's] limitation period at least raises serious constitutional questions," see Miller v. Marr, 141 F. 3d 976, 978 (10th Cir.), cert. denied, 119 S.Ct. 210 (1998), we will not reverse a district court's application of the limitation period when, as in this case, "we are satisfied that such circumstances are not implicated." Id.  Jackson also claims that the district court violated the 10th and 14th Amendments to the Constitution.  His 10th Amendment argument turns on how Oklahoma law defines a "properly filed" post-conviction application.  In dismissing Jackson's argument that his application for post-conviction relief was properly filed in Oklahoma state courts,
(continued...)

reply to the state's motion to dismiss.   He also claims that the district court

erroneously failed to toll the time he spent exhausting state remedies and seeking

post-conviction relief.

AEDPA provides that "[a] 1-year period of limitation shall apply to an

application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court." 28 U.S.C. § 2244(d)(1).  Generally, the limitation

period begins to run on the date that the prisoner's conviction becomes final.

Because his conviction became final before the enactment of AEDPA, Jackson's

one-year limitation period began to run on April 24, 1996, the statute's effective

date.[2]  See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).

Jackson sought habeas review on January 12, 1998, some 628 days after the

---

[1](...continued)
the court essentially adopted the Oklahoma appellate court's definition of what
constitutes a properly filed application for post-conviction relief under Oklahoma
law.  Because Jackson fails to show how the court's decision detracts from
powers the Constitution reserves to the states, we reject his 10th Amendment
argument.  For the reasons discussed below, we see no merit in Jackson's
argument that the district court violated his 14th Amendment due process and
equal protection rights.

[2] Johnson's argument that his limitation period began to run on May 12,
1997, the date "he finished exhausting state remedies" is without merit.  His
conviction became final on January 4, 1995, following the expiration of his time
for filing for certiorari review upon exhaustion of state remedies available on
direct appeal.  See Earnest v. Dorsey, 87 F.3d 1123, 1132 (10th Cir. 1996)
(citation omitted).  See also Sup. Ct. R. 13 (stating that party seeking certiorari
review must file his petition within ninety days from the date of entry of judgment
or order sought to be reviewed).

limitation period began to run. We are required, however, to toll the 128 days[3] Jackson spent properly pursuing state post-conviction relief. <u>See</u> 28 U.S.C. § 2244(d)(2); <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1226 (10th Cir. 1998). Even after we toll this period, Jackson filed his habeas petition outside the one year limitation period. The district court thus correctly dismissed his petition as time-barred.

The district court also correctly denied Jackson's request to amend his reply to the state's motion to dismiss. Jackson argues that his amended reply would

___

[3] In deciding that Jackson spent 128 days properly pursing post-conviction relief in Oklahoma state courts, we count the time between June 18, 1996, when he filed his petition for post-conviction relief, and July 29, 1996, when the state trial court denied the petition. Because we are required to subtract time only for the period a petitioner's "properly filed" post-conviction relief application is being pursued, <u>see</u> 28 U.S.C. § 2244(d)(2), we do not count the 111 days between the time Jackson filed his post-conviction appeal on September 3, 1996, and December 23, 1996, when the Oklahoma Court of Criminal Appeals dismissed the appeal as untimely. <u>See</u> Okla. Stat. tit. 22, § 1087 (stating that an applicant has 30 days from the entry of judgment to file a petition in error with the state appellate court). But because Oklahoma law provides that an applicant can seek leave to file an appeal out of time, <u>see</u> <u>Smith v. State</u>, 611 P.2d 276 (Okla. Crim. App. 1980), we count the time between February 14, 1997, when Jackson filed an application in the state trial court for a post-conviction appeal out of time, and May 12, 1997, when the state appellate court affirmed the denial of his request. We note, however, that even were we to toll the 111 days, Jackson would have filed his petition some 389 days after AEDPA's effective date, still outside the one year statute of limitation period. Jackson also faults the district court for concluding that January 12, 1998, the date it received his petition, was the date on which he sought habeas relief. He argues that we should apply the mailbox rule and use January 8, 1998, the date he placed his petition in the prison mail room, as the filing date. Even with this date, however, his petition does not fall within the limitation period.

have shown that he filed his petition late because the state denied, inter alia, his First Amendment right of access to the courts.  Jackson fails to demonstrate in his motion before the district court or in his petition on appeal  how the state denied his rights of access to the courts.  Because Jackson does not  make a substantial showing of the denial of a constitutional right, his request for a certificate of appealability must be denied.  See 28 U.S.C. § 2253(c)(2).

**DISMISSED.**  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge