**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN CHARLES
CHRISTENSEN,

      Petitioner - Appellant,

vs.

REGINALD HINES; DEBBIE
MAHAFFEY; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 00-6160
(D.C. No. 98-CV-1444)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

      Petitioner Stephen Charles Christensen, an inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

order denying his habeas petition, 28 U.S.C. § 2254. Because Mr. Christensen

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the appeal.

In 1995, Mr. Christensen and his wife, Linda Christensen[1], were convicted in Oklahoma state court of several drug-related charges. Mr. Christensen was convicted of conspiracy to traffic a controlled dangerous substance, trafficking a controlled dangerous substance, maintaining a motel room where a controlled dangerous substance is kept, possession of a controlled dangerous substance without a tax stamp, possession of drug paraphernalia, possession of a firearm while committing a felony, and possession of a controlled dangerous substance within 1000 feet of a school. R. Doc. 1 Ex. C (Judgment and Sentence). Mr. Christensen was sentenced to 30 years' imprisonment and a $16,000 fine. Id. The Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal. Christensen v. State, No. F-95-894 (Okla. Crim. App. Dec. 6, 1996) (unpublished).

Mr. Christensen first sought state post-conviction relief on April 4, 1997, in the Oklahoma County District Court, alleging five constitutional violations. The state district court denied his petition on May 2, 1997, holding that Petitioner had waived four of the five issues by not raising them on direct appeal and that the record did not support the remaining claim. Christensen v. State, No. CF-94-6083

---

[1] Petitioner and Linda Christensen are now divorced.

(Okla. Dist. Ct. May 2, 1997) (unpublished).  On June 4, 1997, Mr. Christensen appealed the state district court's denial of his application for post-conviction relief, and on July 7, 1997, the OCCA dismissed Mr. Christensen's appeal as untimely.  Christensen v. State, No. PC 97-792 (Okla. Crim. App. July 7, 1997) (unpublished).

Mr. Christensen filed a second post-conviction application in the state district court on August 20, 1997, requesting an appeal out of time to contest the state district court's earlier findings.  The state district court denied this request on September 15, 1997, Christensen v. State, No. CF-94-6083 (Okla. Dist. Ct. Sept. 15, 1997) (unpublished), and the OCCA affirmed this denial on October 28, 1997.  Christensen v. State, No. PC 97-1395 (Okla. Crim. App. Oct. 28, 1997) (unpublished).  Mr. Christensen executed his federal habeas petition on October 6, 1998.[2]  R. Doc. 1.

In his federal habeas petition, Mr. Christensen raised five alleged constitutional violations, including a claim of "actual innocence."  R. Doc. 1 at 10A.  The magistrate judge, in his report and recommendation, found all the

---

[2] Mr. Christensen's habeas petition was file-stamped on October 16, 1998. However, as the magistrate judge explained in his Report and Recommendation, R. Doc. 27 at 4 n.7, the petition is deemed filed when the Mr. Christensen deposited it in the prison mail system.  See Hoggro v. Boone, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998).  We agree with the magistrate judge's assumption that the petition was placed in the prison mail system on the day Mr. Christensen signed it, October 6, 1998.

claims to be time-barred as Mr. Christensen had failed to file his federal habeas petition within the one-year statute of limitations, 28 U.S.C. § 2244(d)(1)(A). See R. Doc. 27 at 7. The magistrate judge also concluded that Mr. Christensen's claim of actual innocence did not qualify his petition for equitable tolling, as Mr. Christensen failed to present any evidence in support of his claim. Id. at 12, 15. The district court adopted the magistrate judge's report and recommendation and dismissed the petition as time-barred, R. Doc. 33, and denied a COA. Id. Doc. 43.

Mr. Christensen raises two claims before this court: (1) that "[t]he District court was in error for holding/not permitting the statute of limitations to be tolled for actual innocence claim"; and (2) that "[t]he district court was in error for not permitting petitioner to supplement his claims and the record to show innocence." Aplt. Br. at 16.

We have reviewed the district court's judgment in light of Mr. Christensen's submissions to this court and the record on appeal. We agree with the magistrate judge's recommendation and the district court's order that Mr. Christensen's petition be dismissed as time-barred. See R. Doc. 27 at 6-10, Doc. 33. Mr. Christensen's conviction became final when his time for seeking certiorari in the United States Supreme Court expired on March 6, 1997. See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), cert. denied, 528 U.S.

1084 (2000). Under 28 U.S.C. § 2244(d)(1)(A), Mr. Christensen had one year, until March 6, 1998, to file his federal habeas petition. Mr. Christensen did not file his federal habeas petition until October 6, 1998. Even tolling the limitations period for the time Mr. Christensen's first application for state post-conviction relief was pending, 28 U.S.C. § 2244(d)(2), the statutory 30-day period Mr. Christensen had to appeal the denial of that first application, Gibson v. Klinger, 232 F.3d 799, 804 & n.1 (10th Cir. 2000), and the time Mr. Christensen sought leave to seek an appeal out of time, Smith v. State, 611 P.2d 276 (Okla. Crim. App. 1980), Mr. Christensen had approximately an additional 129 days, or until July 13, 1998, to timely file his habeas petition. Mr. Christensen did not file his habeas petition until October 6, 1998, almost three months late.

Mr. Christensen's mere assertion of an actual innocence claim is not sufficient grounds for equitable tolling. In order to qualify for equitable tolling on an actual innocence claim, the petitioner must come forward with sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings. See Lucidore v. New York State Division of Parole, 209 F.3d 107, 114 (2d Cir.) ("In order to demonstrate actual innocence in a so-called collateral proceeding, a petitioner must present new reliable evidence that was not presented at trial and show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.") (internal quotations

omitted, alteration in original), <u>cert</u>. <u>denied</u>, 121 S. Ct. 175 (2000); <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir.) (petitioner's unsupported actual innocence claim does not constitute grounds for equitable tolling "given that many prisoners maintain they are innocent"), <u>cert</u>. <u>denied,</u> 121 S. Ct. 622 (2000).  Here, Mr. Christensen has made no showing of any such evidence to support his actual innocence claim.  In addition, Mr. Christensen has failed to provide any valid explanation for his delay in filing, thereby failing to diligently pursue his claims as equitable tolling requires.  <u>See</u> <u>Miller v. Marr,</u> 141 F.3d 976, 978 (10th Cir. 1998).

We DENY a COA, DENY leave to proceed in forma pauperis, and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge