Harold Lee PIERCE, Petitioner,

v.

The STATE of Oklahoma, Defendant.

No. A–14538.

Court of Criminal Appeals of Oklahoma.

June 11, 1969.

Purman Wilson, Purcell, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Presiding Judge.

This is an original proceeding in which Petitioner, Harold Lee Pierce, seeks an appeal of his conviction "Out of Time", as provided for in 22 O.S.Supp. § 1073. When petitioner filed his petition in this Court, an evidentiary hearing was directed to be held by the District Court of Garvin County, Oklahoma. Thereafter, such hearing was held, and the court entered its findings of fact and conclusions of law.

Petitioner was tried by a jury in case no. 2908, in the District Court of Garvin County on May 12, 1958, on a charge of Murder—the Information alleged that he murdered one, Joseph Alfred Robertson. On May 13th the jury returned a verdict finding petitioner guilty of first degree manslaughter, and assessed his punishment at fifty years imprisonment. When the verdict was returned, the court appointed counsel announced in open court his intention to appeal the conviction and filed a motion for new trial. The motion for new trial was overruled on May 21, 1958, at which time judgment and sentence was imposed. On May 29, 1958, petitioner was transported to the state penitentiary at McAlester, Oklahoma.

When petitioner was informed against, he was charged jointly with one, J. D. Cottrell, for the crime of murder. A severance was granted and subsequent to petitioner's trial his co-defendant was tried, at which the jury could not reach a verdict and a mistrial was declared. On March 3,

1959, the county attorney for Garvin County dismissed the charges against petitioner's co-defendant.

Petitioner's allegations contend that he was denied his right to appeal the judgment and sentence imposed on him on May 21, 1958. When the order was issued by this Court for the District Court of Garvin County to conduct an evidentiary hearing, the direction was for the trial court to "* * * judicially determine whether or not the petitioner's right to an appeal was unconstitutionally denied." Such a hearing was held and the court rendered its findings of fact and conclusions of law. Subsequent to the filing of the transcript of that hearing, petitioner's court appointed counsel, Mr. Purman Wilson, filed a memorandum brief supporting petitioner's contentions. No brief has been filed by the respondent, to the contrary.

The sole issue involved in this matter is: Was petitioner denied his right to an appeal of his conviction, through no fault of his own?

The minutes of the trial court reflect that petitioner's court appointed counsel served notice in open court of his intention to appeal the conviction; that he filed a motion for new trial; that the trial court overruled said motion; and, when judgment and sentence was passed, the trial judge explained petitioner's right to appeal his conviction to this Court.

At the evidentiary hearing, it was revealed and petitioner's court appointed counsel testified that he unilaterally determined that there was no reversible error in the trial record, and so advised petitioner's parents, but not the petitioner. The court appointed counsel informed the court, that he discussed the matter of executive clemency with petitioner's parents instead of taking an appeal, but he did not recall whether or not he discussed such matter with the petitioner. Petitioner testified earlier that he had asked his court appointed counsel to appeal his case, if the jury's verdict was unfavorable, and that he thought it was being appealed, until some

two years later he learned that it had not been appealed.

The transcript also reflects that petitioner's court appointed counsel did make a valid effort to obtain executive clemency for his client, but without success; and that petitioner was twenty years of age at the time of judgment and sentence was passed.

With considerable reluctance, we find it necessary to disturb the findings of fact and conclusions of law reached by the trial judge, who conducted the evidentiary hearing.

This Court held in the Appeal of Gary M. Scobie, Okl.Cr., 403 P.2d 257, 259 (1965):

"It appearing to the Court that Gary M. Scobie was deprived of his right to appeal by the unilateral action of the public defender, and that no effort was made by the said public defender to perfect such appeal, we are of the opinion that Gary M. Scobie is entitled to a judicial review of his conviction * * *."

■ Likewise, in the Appeal of Delmar J. Grubbs, Okl.Cr., 403 P.2d 260, 261 (1965), this Court held:

"An attorney appointed to represent an indigent person on appeal cannot unilaterally determine that the appeal would be fruitless and abandon said appeal without consulting the accused."

Petitioner's court appointed counsel honestly admitted that he initiated the necessary steps to accomplish an appeal, but because he could see no reversible error in the trial record he did not undertake to complete the appeal. Instead, he recommended the route of executive clemency, which he diligently pursued.

One principal finding of fact reached at the evidentiary hearing, is stated: "No positive proof was presented that would establish for certain that Harold Lee Pierce was personally advised that his appeal was being abandoned, or that he consented thereto."

Therefore, after having considered the transcript of the evidentiary hearing and all other information and facts provided this Court, we are of the opinion that petitioner was deprived of his right to appeal his conviction in Garvin County District Court case no. 2908, in which judgment and sentence was passed on May 21, 1958; and that petitioner has provided sufficient proof that he is entitled to have a judicial review of his trial at State expense because when the judgment and sentence was imposed the Trial Court had already recognized petitioner's indigency when he was afforded a court appointed attorney.

In reaching this decision, the Court is aware of the fact, as reflected in the transcript of the evidentiary hearing, that the court reporter who reported petitioner's trial is now deceased. But notwithstanding, petitioner's claim of right, to a judicial review of said trial, is sufficiently supported by the transcript of his evidentiary hearing.

Recognizing the difficulty which may be experienced in transcribing the testimony taken at petitioner's trial, any failure to provide the transcript of the record will require that the District Court of Garvin County grant petitioner a new trial.

Therefore, petitioner's request for out of time appeal of his conviction at state expense under the provisions of 22 O.S.A. Supp. § 1073, in said case number 2908, in the District Court of Garvin County, Oklahoma, is hereby granted.

Petitioner's relief granted.

BUSSEY and NIX, JJ., concur.