Ernest Eugene SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–80–186.

Court of Criminal Appeals of Oklahoma.

May 20, 1980.

## ORDER REMANDING FOR ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

An application has been filed in this Court seeking leave to file an appeal out of time in Pottawatomie County District Court Case No. CRF–78–368. Applicant presented a related post conviction application to the District Court, which entered an order reciting that the District Court was without authority to grant any relief on the application. While that proposition is undoubtedly correct in the abstract, it misconstrues present Oklahoma procedure regarding the appeal out of time remedy. The prior statutory appeal out of time remedy found at 22 O.S.Supp.1965, § 1073 was repealed upon enactment of and has been subsumed within the Post Conviction Procedures Act, 22 O.S.1971, § 1080 et seq.

See The Oklahoma Post Conviction Procedure Act, Lerblance, 41 OBJ 1683, 1684. Hence, the proper procedure [1] to secure the remedy is the filing of a post conviction application in the District Court, where Findings of Fact and Conclusions of Law should be made as to whether applicant was denied a direct appeal through no fault of his own, which issue is the crucial one to appeal out of time, see *Pierce v. State*, Okl.Cr., 456 P.2d 126 (1969), followed by an application, or "appeal", as it were, filed in this Court, with the District Court findings and conclusions. Therefore, this cause must be remanded to the District Court for additional Findings of Fact and Conclusions of Law, as outlined above.

Additional materials and pleadings have been filed in this Court with regard to this case, including an Appellant's brief, filed by court-appointed counsel, and two applications pro se filed by appellant seeking withdrawal of the brief filed by counsel and extension of time within which to file replacement briefs. Given our views set out above, these materials and the issues raised by them are improvidently before the court.

Therefore, for all of the above and foregoing reasons, this cause is remanded to the District Court for additional proceedings consistent with this order.

WITNESS OUR HANDS, and the Seal of this Court, this 19th day of May, 1980.

TOM R. CORNISH, P. J.

TOM BRETT, J.

HEZ J. BUSSEY, J.

---

1. In some instances it may be appropriate for the District Court to simply vacate the original judgment and sentence and impose a new judgment and sentence, so that the appeal time will begin to run anew.