977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lee TRAYLOR, Petitioner-Appellant,
v.
Ron CHAMPION; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-6220.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Lee Traylor, an Oklahoma state prisoner, appearing pro se and in forma pauperis, appeals from the district court's order adopting the findings and conclusions in the Report and Recommendation of the United States Magistrate Judge and denying Traylor's 28 U.S.C. § 2254 petition for a writ of habeas corpus. We affirm.
 
 
 3
 Traylor was sentenced in March, 1962, to life imprisonment following his plea of guilty to the charge of rape (of a child) in the First Degree. He did not take a direct appeal. Traylor contends that his trial counsel did not advise him of his right to appeal. Traylor filed two state habeas corpus petitions and one motion to appeal out of time, each of which were denied. There is no contention that Traylor has not exhausted all remedies available to him under the laws of the State of Oklahoma.
 
 
 4
 In this habeas proceeding, Traylor alleges that he received ineffective assistance of counsel in violation of rights guaranteed him under the Sixth and Fourteenth Amendments. He alleges that he conferred with his trial counsel only once prior to his plea and that his counsel advised him to plead guilty. He contends that his counsel did not investigate the facts of the case, waived his preliminary hearing and did not advise him of his right to appeal.
 
 
 5
 The Magistrate Judge reasoned that "Assuming these allegations are sufficient to support a showing of cause [for the default in not seeking state remedies] external to the Petitioner, he has not demonstrated any prejudice suffered as a result thereof. He does not allege any factual basis for a motion to withdraw his plea, a prerequisite for filing an appeal, or any defense that he might have had to the charge. Reed v. Ross, 468 U.S. 1, 12 (1984) ..." (R., District Court File, CIV-91-1891-R, Entry 12, p. 5). We agree. The District Court adopted the Magistrate Judge's findings and recommendation, concluding that Traylor failed to satisfy the cause and prejudice requirements of Coleman v. Thompson, 501 U.S. ----, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); McClesky v. Zant, 499 U.S. ----, 113 L.Ed.2d ----, 111 S.Ct. 1454 (1991). The court further concluded that Traylor did not make a colorable showing of factual innocence requiring a review in order to avoid a fundamental miscarriage of justice. See Murray v. Carrier, 477 U.S. 478 (1986). We agree.
 
 
 6
 We affirm the district court's Memorandum Opinion and Order of June 1, 1992, denying Traylor's petition substantially for the reasons set forth therein. A copy of the Memorandum Opinion and Order is attached hereto.
 
 
 7
 AFFIRMED.
 
 ATTACHMENT
 
 8
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 
 9
 LEE TRAYLOR, Petitioner,
 
 
 10
 v.
 
 
 11
 RON CHAMPION, Warden, Respondent.
 
 CIV-91-1891-R
 MEMORANDUM OPINION AND ORDER
 
 12
 Petitioner, Lee Traylor, objects to the Report and Recommendation of the United States Magistrate Judge on his Petition for Writ of Habeas Corpus. The Court reviews the issues raised in the Petitioner's Objection de novo. Andrews v. Deland, 943 F.2d 1162 (10th Cir.1991); Title 28 U.S.C. § 636; Rule 39(D), Local Rules of the Western District of Oklahoma.
 
 
 13
 The Petitioner is currently incarcerated at the Connors Correctional Center in Hominy, Oklahoma under a judgment of conviction entered by the Jackson County District Court in March, 1962. Judgment was entered upon the Petitioner's plea of guilty to Rape in the First Degree. Petitioner was sentenced to life imprisonment.
 
 
 14
 Having carefully reviewed the Petitioner's Objection, the Court interprets it as raising the following issues:
 
 
 15
 --At the time the Petitioner's guilty plea was entered he intended to waive only his right to a preliminary hearing. He was thus denied his right to jury trial, his right to appeal, and "the right to 48 hours before passing sentence."
 
 
 16
 --Petitioner's counsel was ineffective in that he did not investigate or make any preparation for a preliminary hearing, and in that he was inadequately prepared to advise Petitioner to plead guilty.
 
 
 17
 --Petitioner was not advised of the possibility of a lighter sentence, therefore his guilty plea was coerced.
 
 
 18
 Petitioner's Objection, pp. 1-3.
 
 
 19
 Petitioner did not take a direct appeal after his conviction and sentence within the jurisdictional time limits imposed by state law. Petitioner has filed at least two applications for writ of habeas corpus in state court, both of which were denied. The Oklahoma Court of Criminal Appeals advised Petitioner that "the proper procedure is for Petitioner to file a motion for an appeal out of time in the District Court of Jackson County." The Court of Criminal Appeals further noted that, under Oklahoma law, Petitioner's "right to appeal the merits of the allegations is dependent upon his ability to prove he was denied an appeal through no fault of his own." Traylor v. Champion, Case No. H-91-075 (Order of March 4, 1991, (citing Smith v. State, 611 P.2d 276 (Okla.Crim.1980)). See also Traylor v. Champion, Case No. H-90-058 (Okla.Crim.App. Order of April 4, 1991). The Petitioner later filed an Application for Filing an Appeal Out of Time in the District Court of Jackson County, which was denied on the ground that the Petitioner failed to provide any legal justification for his failure to file a timely appeal. See Traylor v. State of Oklahoma, Case No. 2147, Dist.Ct. Jackson Co., Order of July 2, 1991. The District Court's order denying leave to file his appeal out of time was affirmed by the Oklahoma Court of Criminal Appeals on September 17, 1991. See Traylor v. Jackson County District Court, Case No. PC-91-0683 (Okla.Crim.App., Order of September 17, 1991). The Court of Criminal Appeals noted that "[t]he crucial issue [in determining whether to allow] appeal out of time is whether the applicant was denied a direct appeal through no fault of his own." The Court reasoned that although the Petitioner asserted ineffective assistance of counsel, he had offered no proof of his counsel's ineffectiveness and no explanation of how the alleged ineffectiveness caused the failure to appeal. Id.
 
 
 20
 The Respondent has asserted that the Petitioner's claims are procedurally barred. The Court agrees. It is clear that the Oklahoma Court of Criminal Appeals rejected the Petitioner's federal claims on state grounds without reference to federal law, thus the Court has no "good reason to question whether there is an independent and adequate state ground." Gilbert v. Scott, 941 F.2d 1065 (10th Cir.1991).
 
 
 21
 As the Magistrate Judge correctly noted in this case, habeas corpus review is unavailable unless the Petitioner can show both cause for the default and actual prejudice resulting from the alleged violation of federal law; or show that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. ----, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "Cause" in this context means something external to the Petitioner that cannot fairly be attributed to him. Coleman v. Thompson, 501 U.S. ----, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Cause may be demonstrated, for example, by showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); McClesky v. Zant, 499 U.S. ----, 113 L.Ed.2d ----, 111 S.Ct. 1454 (1991). Ineffective assistance of counsel can satisfy the "cause" requirement, but attorney error resulting from ignorance, inadvertence, or a deliberate decision short of ineffective assistance does not constitute "cause" for a procedural default. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).
 
 
 22
 When a petitioner cannot satisfy the cause and prejudice requirements, a court may still review his petition for habeas corpus if he can show that the claimed errors "probably resulted in the conviction of one who is actually innocent. If a Petitioner makes a colorable showing of factual innocence, the court will review the petition to avoid a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. 478, --- S.Ct. ----, --- L.Ed.2d ---- (1986).
 
 
 23
 The Petitioner claims that he was not advised of his right to appeal, that his counsel was inadequately prepared, and that his counsel did not conduct an adequate investigation of the facts. These allegations do not support a finding of cause or prejudice. The Petitioner's complaints about his counsel's performance would not amount to ineffective assistance which would justify his procedural default. The Petitioner had entered a guilty plea and had been sentenced to a term of life imprisonment, at a time when the death penalty could have been imposed for his crime.[1] The Petitioner's conclusory allegation that his guilty plea "was more of a coercing (sic) than ... a bargain" does not amount to a showing that his plea was not voluntary; and the Petitioner has shown no other basis for an appeal. The Petitioner complains also that his attorney failed to conduct an adequate investigation, but the Petitioner makes no attempt to show what facts his attorney should have investigated, or what evidence that investigation might have uncovered. Clearly the Petitioner has not shown cause and prejudice which would excuse his procedural default.
 
 
 24
 The Petitioner concludes his Objection to the Magistrate's Report and Recommendation by alleging, in conclusory terms, that the failure to grant his writ would result in a miscarriage of justice. In the case of a procedural default, federal courts have the authority to issue a writ of habeas corpus, even absent a showing of cause and prejudice, if the failure to consider the federal claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. ----, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). The "fundamental miscarriage of justice" exception applies in the "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." McClesky v. Zant, 499 U.S. ----, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). The Petitioner in this case makes no claim of innocence, thus the fundamental miscarriage of justice exception does not apply.[2]
 
 
 25
 The findings and conclusions in the Report and Recommendation of the United States Magistrate Judge, as supplemented by this Opinion and Order, are hereby ADOPTED. The Petition for Writ of Habeas Corpus is hereby DENIED. The Petitioner's Objection to the Report and Recommendation of the United States Magistrate Judge is OVERRULED.
 
 
 26
 IT IS SO ORDERED this 1st day of June, 1992.
 
 
 27
 /s/ DAVID L. RUSSELL
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Petitioner claims that he was unaware at the time of his sentence that the minimum term for first degree rape at the time of his sentence was fifteen years. The fact that the Petitioner was sentenced to life imprisonment rather than the minimum of fifteen years does not suggest that his plea was coerced, or that his counsel
 
 
 [2]
 The Court further notes that the Petitioner has filed a previous Petition in this Court, raising the same issues. See Lee Traylor v. Tim West, Case No. CIV-84-2004-R, (W.D.Okla., Opinion and Order of January 2, 1985). The Court dismissed that Petition on the ground that the Petitioner had failed to exhaust his state law remedies