2001 OK CR 6

Norman Lee **LEWIS**, Appellant,

v.

**STATE of Oklahoma**, Appellee.

No. F–2000–145.

Court of Criminal Appeals of Oklahoma.

March 8, 2001.

### ACCELERATED DOCKET ORDER

¶ 1 Appellant has appealed to this Court from the acceleration of his deferred Judgment and Sentence in Creek County District Court Case No. CF–97–73–B. In that case, Appellant pled guilty to Assault and Battery with Intent to Kill and sentencing was deferred for five (5) years.

¶ 2 On June 2, 1999, the State filed a Motion to Accelerate Judgment and Sentence, alleging various violations of rules and conditions of probation. On November 24, 1999, the revocation hearing was held before the Honorable Joe Sam Vassar, District Judge. At the conclusion of the hearing, Judge Vassar found Appellant had violated two of the rules and conditions of his probation. Appellant's sentence was accelerated to ten (10) years incarceration with no fine.

¶ 3 In this appeal, Appellant raises two (2) propositions of error. One proposition contends the case should be remanded to the District Court with instructions to allow Appellant an opportunity to request that he be allowed to withdraw his plea of guilty and to hold a hearing on such request. The other proposition contends the District Court's acceleration of Appellant's deferred sentence was excessive under the facts of this case and should be modified.

¶ 4 Pursuant to Rule 11.2(A)(3) of the *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2000), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions were presented to this Court in oral argument on February 8, 2001, pursuant to Rule 11.2(F). At the conclusion of oral argument, this Court voted five to zero (5–0) to affirm the acceleration of Appellant's Judgment and Sentence.

¶ 5 Regarding Appellant's first argument, a review of the record reveals at the time the order deferring Judgment and Sentence was entered, Appellant was advised of each of his appeal rights, including the right to withdraw his plea. However, at the time of the acceleration, Appellant was advised by

the trial court of his right to appeal, but not specifically of his right to seek to withdraw his guilty plea. This was error, as trial judges should specifically advise defendants of the right to seek to withdraw the guilty plea at the time of acceleration. *See Gonseth v. State*, 1994 OK CR 9, ¶ 11, 871 P.2d 51. Nevertheless, Appellant was represented by counsel and there is nothing in the record indicating counsel did not timely and properly advise Appellant of all his appeal options following the District Court's acceleration order.[1] In addition, this appeal was timely filed and appellate counsel did not attempt to seek an appeal out of time to file an application to withdraw his plea of guilty, the proper procedure to raise the issue. *See* Rule 2.1(E)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2000).

¶ 6 If Appellant indeed believes he has been deprived of his right to seek to withdraw his guilty plea, the proper procedure is to file an Application for Post–Conviction Relief with the District Court requesting an appeal out of time. Rule 2.1(E)(1). That procedure is specifically designed to allow a hearing wherein it can be determined whether Appellant was in fact unaware of his rights, and whether counsel was ineffective in advising Appellant and in preserving those rights. *See Smith v. State*, 1980 OK CR 43, ¶ 2, 611 P.2d 276.

¶ 7 Finally, after a review of the evidence presented at the acceleration hearing, this Court finds no abuse of discretion in the District Court's decision to accelerate Appellant's deferred Judgment and Sentence. *Mack v. State*, 1981 OK CR 160, ¶ 3, 637 P.2d 1262.

¶ 8 **IT IS THEREFORE THE ORDER OF THIS COURT** that the acceleration of Appellant's deferred Judgment and Sentence in Case No. CF–97–73–B in the District Court of Creek County should be, and is hereby, **AFFIRMED.**

¶ 9 **IT IS SO ORDERED.**

---

1. At oral argument, counsel admitted he did not know whether counsel had so advised Appellant or not.

¶ 10 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 8th day of March, 2001.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/ Steve Lile
STEVE LILE, Judge