2005 OK CR 1

**Natalie Dawn BLADES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. RE–2004–363.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 2005.

**608**

### ORDER GRANTING MOTION TO DISMISS APPEAL

¶ 1 Appellant initiated the above-styled and numbered appeal from the revocation of her suspended sentences in Jackson County District Court Case Nos. CF–2000–166 and CF–2001–323. Appellee has filed a Motion to Dismiss pursuant to Rule 2.1(E)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2004). Specifically, Appellee avers Appellant has attempted to circumvent the Rules of this Court by filing a Motion for Re–Sentencing with the District Court, which the District Court granted, rather than filing a petition for an out-of-time appeal with this Court.

¶ 2 Appellant has filed an Objection to Appellee's motion. Appellant avers she is properly before this Court pursuant to Rule 2.1(E)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2004) and 22 O.S.2001, Section 1085.

¶ 3 After a review of the pleadings filed in this matter, this Court finds the Motion to Dismiss the above-styled and numbered appeal should be **GRANTED.** Once a defendant has been sentenced by a District Court, the District Court loses jurisdiction over the case.[1] Rule 2.1(E)(1) allows the District Court to re-sentence a defendant, pursuant to 22 O.S.2001, § 1085, provided an application for post-conviction relief has been filed in the District Court and the District Court finds one of the enumerated, limited allegations pursuant to 22 O.S.2001, § 1080 is established by the defendant. Thus, re-sentencing is a part of that adjudication.

¶ 4 However, an Appellant being granted and/or denied an appeal through no fault of his/her own is not one of the enumerated provisions of Section 1080, which allows the District Court to apply the provisions of Section 1085.[2] The role of the District Court in addressing a request for an appeal out of time through the application for post-conviction relief pursuant to *Smith*, is to conduct an evidentiary hearing and provide findings of fact and conclusions of law upon which this Court will then determine if an appeal out of time should be granted.

¶ 5 This rule of procedure is true for both the seeking of an out of time appeal from either an original sentencing or a revocation of sentences. In other words, regardless of the type of case, the District Court serves the function of fact finding only, and this Court will determine whether to grant an appeal out of time. To the extent any language in *Houghton v. City of Wewoka*, 1988 OK CR 86, 753 P.2d 933, *Ellison v. State*, 1985 OK CR 148, 709 P.2d 1064 and *Smith v. State*, 1980 OK CR 43, 611 P.2d 276 is inconsistent with this opinion, such language is expressly modified and/or overruled. Based on the foregoing, the District Court did not

---

1. *See LeMay v. Rahhal*, 1996 OK CR 21, ¶ 24, 917 P.2d 18, 23.

2. In *Smith v. State*, 1980 OK CR 43, ¶ 2, 611 P.2d 276, 277, this Court established a vehicle by which an Appellant could seek an out-of-time appeal. Under that procedure, the defendant files an application for post-conviction relief seeking an appeal out of time. If District Court finds the defendant has met his/her burden of proof that an appeal was denied though no fault of the defendant, the District Court can make a recommendation to this Court that an out-of-time appeal be granted. However, it is this Court that makes the ultimate decision of whether or not an out-of-time appeal should be granted.

have jurisdiction to entertain Appellant's motion for re-sentencing.

¶6 IT IS SO ORDERED.

¶7 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 17th day of February, 2005.

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Steve Lile
STEVE LILE, Judge