2010 OK CR 3

**Destrie Dane DIXON, Petitioner**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–2009–854.**

Court of Criminal Appeals of Oklahoma.

Feb. 22, 2010.

---

***ORDER DENYING REQUEST FOR OUT–OF–TIME APPEAL AND VACATING PORTION OF DISTRICT COURT ORDER RECOMMENDING THAT AN OUT–OF–TIME APPEAL BE GRANTED***

¶ 1 On September 25, 2009, Petitioner, through counsel, Richard L. Yohn, filed with the Clerk of this Court an "Application for an Appeal Out-of Time." In support of this Application, Petitioner attaches a copy of an "Order Denying Petition to Withdraw Plea" pronounced on September 17, 2009, by the Honorable Bill Culver, Special Judge, in Ottawa County District Court Case Nos. CF–2004–439, CF–2005–145, and CF–2009–75. Within that order, Judge Culver recommends that Petitioner "be allowed to file an appeal out-of-time upon an application for post-conviction relief request to appeal out-of-time." (O.R. 10.)

¶ 2 According to those records presented by Petitioner, on June 24, 2009, Petitioner's three cases came before Judge Culver for disposition. Cases CF–2004–439 and CF–2005–145 were before the trial court on motions to revoke suspended sentences wherein Petitioner had previously stipulated to the allegations in the motions to revoke. (Tr. 2.) In CF–2009–75, Petitioner was before the trial court for sentencing following a previously entered plea of guilty to a felony offense of Actual Physical Control of a Motor Vehicle while under the Influence. At the conclusion of the June 24th hearing, Judge Culver revoked in full the suspended portions of Petitioner's sentences in CF–2004–439 and CF–2005–145 and imposed a consecutive sentence of five (5) years imprisonment in CF–2009–75. (Tr. 16.)

¶ 3 Within ten (10) days after the foregoing hearing, Petitioner filed a "Petition to Withdraw Blind Plea of Guilty" wherein he asked leave to "withdraw his Blind Plea in CF–2009–75 and stipulations to the Motions to Revoke in CF–2004–439 and CF–2005–245." (O.R. 2.) When the Petition to Withdraw came on for hearing, Judge Culver entered his September 17, 2009, order denying it as to all three cases and then made his recommendation for an out-of-time appeal.[1]

¶ 4 "In *Smith v. State*, 1980 OK CR 43, ¶ 2, 611 P.2d 276, 277, this Court established a vehicle by which an Appellant could seek an out-of-time appeal. Under that procedure,

---

1. In his order, Judge Culver stated that he was denying the Petition to Withdraw on the grounds "that the Petition was not timely set for hearing and by law must be denied." (O.R. 10.) In reaching this holding, Judge Culver apparently relies on Rule 4.2(B) of the *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2010), which directs that the evidentiary hearing on an application to withdraw plea is to be held within thirty (30) days of its filing. The

the defendant files an application for post-conviction relief seeking an appeal out of time." *Blades v. State*, 2005 OK CR 1, ¶ 4 n. 2, 107 P.3d 607, 608 n. 2. The Post–Conviction Procedure Act provides that a post-conviction "proceeding is commenced by filing a verified 'application for post-conviction relief' with the clerk of the court imposing judgment." 22 O.S.2001, § 1081.

¶ 5 Under these procedures and prior to filing any petition with this Court seeking leave to commence an out-of-time appeal, a defendant must first file a verified post-conviction application in the trial court for such an appeal. Once the application is filed, the defendant then uses the application as a vehicle to obtain findings of fact and conclusions of law from the trial court. In cases where the defendant was aware of his right to appeal, he must establish before the trial court that he always desired to exercise that right of appeal but that he was denied the opportunity to do so through no fault of his own. Upon proving as much, the defendant would then be entitled to the trial court's recommendation that he be granted an out-of-time appeal.[2]

¶ 6 In Petitioner's matter, there is no record of Petitioner having filed a verified application for post-conviction relief seeking an out-of-time appeal.[3] Additionally, there have been no findings of fact or conclusions of law properly made demonstrating that Petitioner is entitled to an appeal out of time of the final orders of revocation in CF–2004–439 and CF–2005–145, or an appeal out of time of the final order denying him leave to withdraw the guilty plea in CF–2009–75.[4] To the extent that Judge Culver's order recommends an out-of-time appeal from one or more of those three final orders, that recommendation must be vacated, as it has been made (1) without a verified post-conviction application having been filed; (2) without specific findings and conclusions as to whether Petitioner timely expressed a desire to appeal and how he was denied, through no fault of his own, the exercise of any right of appeal that he possessed; and (3) without any identification of the specific final orders or judgments from which a right of appeal had been lost and for which an out-of-time appeal is recommended.[5]

¶ 7 Because Petitioner has not complied with the established procedure for obtaining an out-of-time appeal by having a verified post-conviction application filed in the trial

---

hearing on Petitioner's application to withdraw plea did not occur until some two-and-a-half months after the application's filing. Nevertheless, as Petitioner timely filed an application to withdraw his guilty plea in CF–2009–75, he could have filed his Petition for Writ of Certiorari in this Court appealing Judge Culver's order denying his Petition to Withdraw, for there was no necessity in CF–2009–75 for any out-of-time appeal. Petitioner, however, did not choose that course but instead filed the current "Application for an Appeal Out-of Time." Because Petitioner has not brought a certiorari appeal from the District Court's order denying his application to withdraw the plea in CF–2009–75, the question of whether Judge Culver committed reversible error in that case when finding the "Petition [to Withdraw] was not timely set for hearing and by law must be denied" is an issue not properly before this Court in the context of the out-of-time appeal application now before us; therefore, it will not be addressed.

**2.** *See* Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2010) (rule setting forth the procedures for obtaining the various types of out-of-time appeals).

**3.** A "verified" application is one that is either notarized or given before a person authorized to administer oaths or is one that is signed under penalty of perjury as specified under 12 O.S.Supp.2002, § 426. Rule 1.13(L). Additionally, parties should recognize under 22 O.S.2001, § 1088.1, that "[b]y presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, written motion or other papers regarding an application for post-conviction relief an attorney or unrepresented party is certifying" the truth and viability of his claims to the extent described in Section 1088.1.

**4.** It appears from the record presented that Petitioner proceeded in the trial court under the notion that he could employ certiorari appeal procedures to appeal a final order of revocation. This Court clearly rejected that notion in *Burnham v. State*, 2002 OK CR 6, ¶¶ 6–8, 43 P.3d 387, 389–90 (holding that an appeal from a final order of revocation is by Petition in Error and therefore dismissing the defendant's attempted revocation appeal that he sought to perfect through the filing of a Petition for Writ of Certiorari).

**5.** We would also note that the "Application for Appeal Out-of Time" that Petitioner has filed in this Court fails to adequately identify the specific final orders, judgments, or sentences from which

court and by having obtained a proper order adjudicating that application with specific and adequate findings of fact and conclusions of law, his "Application for Appeal Out-of Time" now before this Court must be denied.

¶ 8 **IT IS THEREFORE THE ORDER OF THIS COURT** that Petitioner's "Application for Appeal Out-of Time," filed herein on September 25, 2009, and requesting leave to commence an appeal out of time from one or more of the final orders entered in the District Court of Ottawa County, Case Nos. CF–2004–439, CF–2005–145, and CF–2009–75, is **DENIED.**

¶ 9 **IT IS THE FURTHER ORDER OF THIS COURT** that the recommendation for an appeal out of time made in the September 17, 2009, "Order Denying Petition to Withdraw Plea" and entered by the District Court in CF–2004–439, CF–2005–145, and CF–2009–75, is hereby **VACATED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2010), **MANDATE IS ORDERED ISSUED** upon the filing of this decision.

¶ 10 **IT IS SO ORDERED.**

a right of appeal was allegedly lost and for which an out-of-time appeal is being requested. Any petition to this Court for an out-of-time appeal must provide sufficient information for this Court to determine whether the petitioning party is entitled to the out-of-time appeal being requested. By itself, proof that the trial court has recommended the granting of an out-of-time appeal is not enough to demonstrate entitlement to an out-of-time appeal.