OSCN Found Document:WATSON v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 WATSON v. STATE
2015 OK CR 3
343 P.3d 1282
Case Number: PC-2014-637
Decided: 02/17/2015
STANLEY WATSON, Petitioner, v. STATE OF OKLAHOMA, Respondent.
Cite as: 2015 OK CR 3, 343 P.3d 1282

 


ORDER AFFIRMING DENIAL OF 
SECOND
APPLICATION FOR POST-CONVICTION RELIEF

¶1 The Petitioner has appealed to this Court from an order of the District 
Court of Comanche County denying his second post-conviction motion requesting 
DNA testing in Case No. CF-2000-428. In that case, Petitioner was tried by a 
jury and convicted of Murder in the First Degree. He was sentenced in accordance 
with the jury's verdict to life imprisonment. Petitioner appealed to this Court 
and his Judgment and Sentence was affirmed. Watson v. State, No. 
F-2001-1356 (Okl.Cr. November 4, 2002) (not for publication).
¶2 On January 6, 2014, Petitioner filed in the District Court his first 
post-conviction motion requesting DNA testing, pursuant to the Postconviction 
DNA Act, 22 O.S.Supp.2013, §§ 
1373 - 1373.7 (effective November 1, 2013). On March 4, 2014, the District 
Court issued an order denying Petitioner's first motion concluding that, because 
Petitioner failed to provide the necessary affidavit, he was not eligible for 
DNA testing pursuant to 22 
O.S.Supp.2013, § 1373.2(C). Petitioner appealed to this Court from that 
District Court order and the appeal was dismissed because it was not timely 
filed. Watson v. State, No. PC-2014-302 (Okl.Cr. April 17, 2014). On 
April 7, 2014, Petitioner filed in the District Court a second post-conviction 
motion requesting DNA testing. On June 17, 2014, the District Court denied 
Petitioner's second motion finding Petitioner had not raised any issue in his 
second motion that either was not or could not have been raised in his first 
post-conviction motion requesting DNA testing. The District Court concluded that 
the grounds for relief Petitioner asserted could not be the basis of his second 
motion. Petitioner has filed this appeal from the District Court order denying 
his second post-conviction motion requesting DNA testing.
¶3 This Court has recognized that the procedure for any appeal under the 
Postconviction DNA Act is the same as an appeal to this Court under the Uniform 
Post-Conviction Act, as set forth in 22 O.S.2011, § 1087. State ex 
rel. Smith v. Neuwirth, 2014 OK 
CR 16, ¶ 11, 337 P.3d 763, 
765-66 (citing 22 
O.S.Supp.2013, § 1373.7, "An appeal under the provisions of the 
Postconviction DNA Act may be taken in the same manner as any other appeal"). We 
now find that, after a first post-conviction motion requesting DNA testing has 
been finally decided by the courts, the procedural bar provisions in Section 
1086 of the Uniform Post-Conviction Act apply to the petitioner's second or 
subsequent post-conviction motion requesting DNA testing under the 
Postconviction DNA Act.
¶4 Under the Uniform Post-Conviction Act, all grounds for relief available to 
an applicant must be raised in his original, supplemental or amended 
application. 22 O.S.2011, § 1086. 
Any ground finally adjudicated or not so raised in any other proceeding the 
applicant has taken to secure relief may not be the basis for a subsequent 
application, unless the court finds a ground for relief asserted which for 
sufficient reason was not asserted or was inadequately raised in the prior 
application. Id.
¶5 Although the Postconviction DNA Act does not expressly include a 
procedural bar like that found in Section 1086, the Act only provides that a 
person may file "a motion." 22 
O.S.Supp.2013, § 1373.2(A). Throughout the Act that motion is referred to in 
the singular number, indicating multiple motions are not intended. 22 O.S.Supp.2013, §§ 1373.2(C), 
(D), 1374.4(A), (C), 1373.5(B)(1), 1373.6(A). The Postconviction DNA Act does 
state that the person may file the motion "[n]otwithstanding any other provision 
of law concerning post-conviction relief." 22 O.S.Supp.2013, § 1373.2(A). 
However, we do not find that provision is intended to preclude use of the 
procedural bar found in the Uniform Post-Conviction Act. 22 O.S.2011, § 1086. We find the 
provision in Section 1373.2(A) is intended, and is necessary, to declare the 
Postconviction DNA Act retroactive and applicable to previously final criminal 
cases; in other words a post-conviction motion requesting DNA testing may be 
filed and heard regardless of the person's previous challenges to his or her 
conviction or sentence taken prior to the effective date of Postconviction DNA 
Act. 22 O.S.2011, § 3 ("No part 
of this code is retroactive unless expressly so declared"). In addition, we 
cannot find that the Legislature intended for persons otherwise eligible under 
the Postconviction DNA Act to be able to file successive motions for DNA testing 
without regard to the disposition of previously filed motions under the Act. 
Finally, a person procedurally barred from filing second and subsequent motions 
for DNA testing is not completely precluded from obtaining DNA testing. DNA 
testing is allowed under the Postconviction DNA Act, without the requirement of 
filing a motion, when both the State and the convicted person agree that 
post-conviction testing should be conducted. 22 O.S.Supp.2013, § 1373.6(A). 
Therefore, we find a procedural bar like the one found in Section 1086 of the 
Uniform Post-Conviction Act may be utilized by the courts on any second or 
subsequent application for post-conviction relief requesting DNA testing under 
the Postconviction DNA Act.
¶6 As the District Court correctly noted in this case, Petitioner asserted 
and could have adequately raised his request for DNA testing in his first 
post-conviction motion requesting DNA testing. Petitioner has not provided any 
reason, and clearly not a sufficient reason, for not adequately raising the 
request for DNA testing in his first motion. See 22 O.S.2011, § 1086. Thus, that 
ground for relief may not be the basis for this subsequent motion. Id. 
Moreover, Petitioner never applied for an appeal out of time from the denial of 
his first post-conviction motion requesting DNA testing, and has not met his 
burden of establishing that he was denied an appeal in his first post-conviction 
proceeding through no fault of his own. Rule 2.1(E), Rules of the Oklahoma 
Court of Criminal Appeals, Title 22, Ch.18, App. (2015); see 
Blades v. State, 2005 OK CR 
1, 107 P.3d 607; see 
also Smith v. State, 1980 
OK CR 43, 611 P.2d 276. 
Therefore, the order of the District Court of Comanche County denying 
Petitioner's second post-conviction motion requesting DNA testing in Case No. 
CF-2000-428 should be, and is hereby, AFFIRMED.
¶7 Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal 
Appeals, Title 22, Ch.18, App. (2015), the MANDATE is ORDERED 
issued forthwith upon the filing of this decision with the Clerk of this 
Court.
¶8 IT IS SO ORDERED.
¶9 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 17th day of 
February, 2015.

/S/CLANCY SMITH, Presiding Judge
/S/GARY L. LUMPKIN, Vice Presiding Judge
/S/ARLENE JOHNSON, Judge
/S/DAVID B. LEWIS, Judge
ATTEST:
Michael S. Richie
Clerk





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2005 OK CR 1, 107 P.3d 607, BLADES v. STATE
Discussed
 2014 OK CR 16, 337 P.3d 763, STATE ex rel. SMITH v. NEUWIRTH
Discussed
 1980 OK CR 43, 611 P.2d 276, SMITH v. STATE
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1373, Short Title
Cited
 22 O.S. 1373.2, Eligibility and Procedures for Postconviction DNA Testing
Discussed at Length
 22 O.S. 1373.6, When State and Convicted Person Agree to Postconviction DNA Testing
Cited
 22 O.S. 1373.7, Appeals
Cited
 22 O.S. 3, Code Not Retroactive Unless Expressly Declared
Cited
 22 O.S. 1086, Subsequent Application
Discussed at Length
 22 O.S. 1087, Appeal to Court of Criminal Appeals
Cited