**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DANNY JOE SITSLER,

     Petitioner - Appellant,

v.

RANDY HARDING, Warden,

     Respondent - Appellee.

No. 25-5103
(D.C. No. 4:23-CV-00181-JFH-CDL)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **MORITZ**, and **FEDERICO**, Circuit Judges.

_____

Danny Joe Sitsler appeals the district court's denial of his application for habeas relief under 28 U.S.C. § 2254 as untimely. It concluded that his application in 2000 for state post conviction relief ("APCR") was not properly filed and therefore did not toll the one-year limitations period for seeking § 2254 relief. The court granted Mr. Sitsler a certificate of appealability ("COA") on this issue. *See* 28 U.S.C. § 2253(c)(1)(A)

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(requiring COA to appeal final order in a habeas corpus proceeding involving detention arising out of state court process).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. We also deny Mr. Sitsler's request to expand the COA to encompass the merits of his § 2254 application and his motion to certify a question of law to the Oklahoma Court of Criminal Appeals ("OCCA").

## I.    BACKGROUND

### A.    *Legal Background*

A § 2254 application must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This deadline may be tolled by a "properly filed" APCR: "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." *Id.* § 2244(d)(2) (emphasis added).

"[A] 'properly filed' application is one filed according to the filing requirements for a motion for state post-conviction relief." *Habteselassie v. Novak*, 209 F.3d 1208, 1210 (10th Cir. 2000); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). The applicable state laws and rules include those prescribing "the form of the document." *Artuz*, 531 U.S. at 8.

Oklahoma law provides that a post-conviction "proceeding is commenced by filing a verified [APCR] with the clerk of the court imposing judgment if an appeal is not pending" and also that "[f]acts within the personal knowledge of the applicant . . . must be sworn to affirmatively as true and correct." Okla. Stat. tit. 22, § 1081. Section 1081 therefore requires that (1) an APCR be verified and (2) contain a sworn statement that its facts are true and correct. The statute does not indicate whether a sworn statement by the applicant's attorney may satisfy the second requirement.

## B.   *Procedural History*

In 1993, an Oklahoma jury convicted Mr. Sitsler of first-degree murder. The state court sentenced him to life imprisonment without the possibility of parole. On direct appeal, the OCCA modified his sentence to life imprisonment. His sentence became final on February 1, 1999, so the last day of the § 2244(d)(1)(A) limitations period was February 2, 2000.

On February 2, 2000, Mr. Sitsler, through counsel, filed an APCR in state district court. After counsel's signature block, the APCR contains the following language:

> I have read the foregoing application and assignment(s) of error to my client and hereby state under oath that there are no other grounds upon which he wishes to attack the judgment and sentence under which he is presently convicted. He realize[s] that he cannot later raise or assert any reason or ground known to me at this time or which could have been discovered by me by the exercise of reasonable diligence. He further realize[s] that he is not entitled to file a second or subsequent application for post-conviction relief based upon facts within my knowledge or which he could discover with reasonable diligence at this time.

3

R. at 329–30.  After this language is counsel's signature followed by a notary public's signature indicating that the APCR was "Subscribed and Sworn before" the notary on February 1, 2000.  R. at 330.  Mr. Sitsler did not sign the APCR.

The state district court's docket sheet reflects that, on June 26, 2000, the judge who presided over Mr. Sitsler's criminal trial was consulted regarding the APCR, but the APCR "did not make the 2-22-2000 motion docket," and the "judge advised not to do anything on it at this time."  R. at 161 (capitalization omitted).

For the next 22 years, the APCR sat dormant in the state court.  Then, on October 31, 2022, Mr. Sitsler, through counsel, filed an amended APCR.  It ended with Mr. Sitsler's signature, followed by:  "Danny Joe Sitsler, being first sworn under oath, state[s] that he signed the above [APCR] and that the statements therein are true to the best of his knowledge and belief."  R. at 372.  After this language is Mr. Sitsler's signature followed by a notary public's signature indicating that the APCR was "Subscribed and sworn before" the notary on October 27, 2022.  *Id.*  In April 2023, the state district court summarily denied the amended APCR.  *See* R. at 449 (denying the APCR "filed October 31, 2022").

In May 2023, Mr. Sitsler filed a § 2254 application in federal district court and, soon after, an appeal to the OCCA from the summary denial of his amended APCR.  The OCCA remanded for entry of a proper order setting forth findings of fact and conclusions of law.  In November 2023, the state district court entered a detailed order denying the amended APCR.  Mr. Sitsler appealed that ruling to the OCCA.  The federal court stayed

4

the § 2254 proceedings while that appeal was pending. In June 2024, the OCCA affirmed.

In July 2024, Mr. Sitsler filed an amended § 2254 application. The State filed a motion to dismiss, arguing that even if the amended § 2254 application related back to the original May 2023 § 2254 application, it was time-barred under § 2244(d)(1)(A) because Mr. Sitsler did not file it within one year of February 2, 1999, when his conviction became final. The State contended that tolling was unavailable under § 2244(d)(2) because the original February 2, 2000 APCR lacked the sworn affirmation that § 1081 requires and therefore was not properly filed. Mr. Sitsler argued that the original APCR was properly filed because the notarization of his counsel's signature meant it was verified, and under § 1081 a post-conviction proceeding commences when a defendant files a verified APCR.

The district court granted the State's motion to dismiss. It concluded the original APCR was not properly filed because, although signed by counsel and notarized, it lacked an affirmative, sworn statement from Mr. Sitsler or his counsel that facts within Mr. Sitsler's personal knowledge were true and correct, as § 1081 requires. The court also concluded Mr. Sitsler was not entitled to equitable tolling and that he failed to show actual innocence that might excuse the untimeliness of his § 2254 application. Thus, the court dismissed the § 2254 application but granted a COA on whether the February 2, 2000 APCR was properly filed.

Mr. Sitsler appeals.

## II.  DISCUSSION

### A.  *Standard of Review*

We review de novo a district court's dismissal of a § 2254 application as time-barred under § 2244(d)(1)(A).  *Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006).  We afford Mr. Sitsler's pro se filings a liberal construction, but we cannot act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### B.  *Analysis*

Mr. Sitsler's opening brief argues that he qualifies for statutory tolling under § 2244(d)(2) because (1) the original APCR was properly filed for § 2244(d)(2) purposes because his attorney signed it and it was notarized, and (2) the amended APCR relates back to the original APCR.  We reject these theories.

### 1.  Proper Filing

#### a.  Dixon v. Oklahoma

Mr. Sitsler faults the district court for not discussing *Dixon v. Oklahoma*, 228 P.3d 531 (Okla. Crim. App. 2010).  He argues the OCCA said in *Dixon* that a notarized APCR qualifies to properly commence a post-conviction proceeding under § 1081.  He therefore contends the notarized attorney's signature on the APCR was enough to toll the limitations period under § 2244(d)(2) and that he did not need to satisfy the additional requirement that "[f]acts within the personal knowledge of the applicant . . . must be sworn to affirmatively as true and correct."  § 1081.

In *Dixon*, the OCCA denied Mr. Dixon's application to take an appeal out of time because he did not file a verified APCR in the trial court.  *See* 228 P.3d at 532–33.  In a

6

footnote, the OCCA explained how to verify an APCR: "A 'verified' [APCR] is one that is either notarized or given before a person authorized to administer oaths or is one that is signed under penalty of perjury as specified under [Okla. Stat. tit. 12,] § 426." *Id.* at 532 n.3.[1]

Mr. Sitsler relies on the *Dixon* footnote, but it does not support his proposition that submitting a notarized APCR signed only by his attorney is enough for tolling under §2244(d)(2). In *Dixon*, no APCR, verified or not, had been filed, and the OCCA said nothing about § 1081's sworn-affirmation requirement. Thus, the footnote explains only the ways an APCR may be verified.

### b. *Section 1081 arguments*

In addition to his misplaced reliance on *Dixon*, Mr. Sitsler's reading of § 1081 contradicts the principle that "[s]tatutes must be interpreted, if possible, to give each word some operative effect," *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 209 (1997). If a notarized attorney's signature alone were sufficient to satisfy § 1081's sworn-affirmation requirement, that requirement would have no effect.

---

[1] Mr. Sitsler also points to the OCCA's statement that, by presenting to a court "'a pleading, written motion or other papers regarding an [APCR] an attorney or unrepresented party is certifying' the truth and viability of his claims to the extent described in [Okla. Stat. tit. 22,] § 1088.1." *Id.* (quoting § 1088.1(A)). But § 1088.1(B) authorizes sanctions against anyone who violates § 1088.1(A)'s certification requirements: that the filing was not "presented for any improper purpose," that "[t]he claims and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and that "[t]he allegations and other factual contentions have evidentiary support," § 1088.1(A). Section 1088.1 does not somehow eliminate § 1081's sworn-statement requirement.

Moreover, Mr. Sitsler's argument assumes that an applicant's attorney can affirmatively swear to the truth and correctness of facts within the applicant's personal knowledge. Given § 1081's focus on the *applicant's* personal knowledge, it appears the applicant must affirmatively swear regarding the facts, not his attorney. We have not uncovered any Oklahoma case law on this issue, so our task is to predict how the OCCA would rule. *See Taylor v. Powell*, 7 F.4th 920, 932 (10th Cir. 2021) ("If the state's highest court has not decided an issue, our task is to predict how it would rule." (internal quotation marks omitted)).

We think the OCCA would agree (1) with the Arkansas Supreme Court that the purpose of verifying a request for post-conviction relief is "to prevent perjury," *Nelson v. Arkansas*, 213 S.W.3d 645, 646 (Ark. 2005); (2) that to prevent perjury, the *applicant* must affirmatively swear to the truth and correctness of facts within the applicant's personal knowledge; and (3) "if the [applicant] is represented by counsel, counsel may not sign and verify the petition for him." *Nelson*, 213 S.W.3d at 646. As the Arkansas Supreme Court later explained in denying rehearing in *Nelson*, the reason for this is because an "attorney in a postconviction proceeding would have no personal knowledge of many of the facts in the petition to be verified." *Nelson v. Arkansas*, No. CR 04-732, 2005 WL 3074381, at *1 (Ark. Nov. 17, 2005).

But even if an attorney could have the requisite personal knowledge, Mr. Sitsler's original February 2, 2000 APCR did not contain an affirmation from anyone that the facts were true and correct or provide any indication that Mr. Sitsler's attorney possessed the same personal knowledge of the facts as Mr. Sitsler. *See Butler v. Greif, Inc.*, 325 F.

8

App'x 748, 749 (11th Cir. 2009) (an "attorney's signature alone will not constitute verification if the attorney does not personally swear to the truth of the facts stated in [an EEOC] charge and does not have personal knowledge of those facts"). Those are fatal defects.

We also note that the OCCA's Application for Post-Conviction Relief form requires not just a notarized signature, but a notarized signature of a person who swears "that the statements [in the APCR] are true to the best of his/her knowledge and belief." Form 13.11, Rules of the Okla. Ct. of Crim. Apps., Okla. Stat. tit. 22, ch. 18, app.

\* \* \* \*

In sum, we conclude that even if an APCR is notarized, it still must indicate that the applicant affirmatively swears to the truth and correctness of facts within his or her personal knowledge. Mr. Sitsler's original APCR did not, so it was not properly filed for § 2244(d)(2) purposes. And even assuming an applicant's attorney could make the sworn affirmation on behalf of the applicant, Mr. Sitsler's original APCR did not contain that sort of affirmation, either. Mr. Sitsler thus is not entitled to statutory tolling under his first theory.

## 2. Relation Back

Mr. Sitsler's second theory is that statutory tolling is warranted because the State never argued, and neither the state district court nor the OCCA ever ruled, that the original APCR was not properly filed. Instead, the State and both courts treated the amended APCR as an attempt to amend the original APCR, which indicates that the state

9

courts considered the original APCR as properly filed and the amended APCR as relating back to it.

We reject this argument. Oklahoma did not have a limitations period governing the filing of an APCR until November 1, 2022, when a one-year limitations statute, Okla. Stat. tit. 22, § 1080.1, took effect. *See Hammon v. Oklahoma*, 540 P.3d 486, 487 (Okla. Crim. App. 2023). Mr. Sitsler filed his amended APCR on October 31, 2022, the day before the limitations period went into effect. Thus, there was no need for the amended APCR to relate back to avoid a limitations bar. It is therefore of no significance that the State never argued the original APCR was not properly filed.

Also, the state district court's acceptance of the amended APCR and its acknowledgment that Mr. Sitsler sought to amend the original APCR is not tantamount to a finding that the original APCR was properly filed. For its part, the OCCA did not mention the original APCR but observed only that Mr. Sitsler had filed an amended APCR. Simply put, neither the state district court nor the OCCA expressly ruled on whether the original APCR was filed in accordance with § 1081's sworn-affirmation requirement.[2] We decline to treat their rulings as signaling that the original APCR was properly filed within the meaning of § 2244(d)(2).

---

[2] We acknowledge that, in denying Mr. Sitsler's amended APCR, the state district court ruled that the issues raised in the original APCR were either barred by res judicata or waived because they were not briefed in the amended APCR. R. at 483. But this does not mean the state district court found that the original APCR was filed in accordance with § 1081's requirements. *See Carey v. Saffold*, 536 U.S. 214, 225–26 (2002) ("A court will sometimes address the merits of a claim that it believes was presented in an untimely way: for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court

### III. CONCLUSION

We affirm the district court's judgment.  We deny Mr. Sitsler's request that we expand the COA to encompass his arguments regarding the merits of his § 2254 application.  We deny Mr. Sitsler's Motion to Certify Question of Law (Dkt. No. 13).

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

wishes to show a prisoner (who may not have a lawyer) that it was not merely a procedural technicality that precluded him from obtaining relief.").